Rudy Nolen, SBN 59808
Stephen W. Owens, SBN 84859
**NOLEN ■ OWENS**
1501 28TH Street
Sacramento, California  95816
Telephone:  (916) 733-0600
Facsimile: (916) 733-0601

Attorney for Defendant
GALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, a New York limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>GALE CORP., A California corporation also known as GALE CORPORATION,<br><br>Defendant.<br>_____<br>AND RELATED COUNTERCLAIM and THIRD PARTY COMPLAINT.<br>_____ | CASE NO: 2:07-CV-01572-MCE-DAD<br><br>**CONFIDENTIALITY AGREEMENT AND COURT PROTECTIVE ORDER** |

**WHEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows by and among the parties hereto through their undersigned counsel:

**DEFINITIONS AND PROVISIONS**

1.     "Confidential" information as used herein means any document designated as "Confidential" or identified as specified in Paragraph 6 herein and all of the information contained therein.  Confidential designations will be made only as to that information that in good faith is believed to constitute financial, trade secrets, confidential research, development, testing documents, reports, specifications, drawings, customer lists and related customer material and information or other proprietary or privileged information relating to the business of defendant GALE CORP. and any of its current or potential

suppliers or distributors.

2. All "Confidential" information obtained, provided or produced in this litigation relating to the business of GALE CORP. and any of its current or potential suppliers or distributors shall be used solely for the purpose of the above-captioned matter, except by further order of the Court. Neither copies of "Confidential" documents or things, nor any quotation, paraphrase, summary or other descriptions which conveys the confidential contents thereof, shall be disclosed to any person or used for any other purpose, except in accordance with the terms of this Order or by further Order of the Court.

3. "Qualified Persons" as used means persons who are:

(a) <u>Counsel of record</u> for all parties in this action and their employees, including, without limitations, paralegals, and secretarial and clerical employees, all of whom shall be made aware of and agree to abide by the terms of this Protective Order;

(b) <u>Experts, independent contractors, consultants, or advisors</u> who are employed or retained by or on behalf of counsel for any parties in this action to assist in analyzing the documents or information examined, provided that they must first sign an acknowledgment in the form of **Exhibit "A"** hereto and deliver it to counsel who has employed or retained them, who shall retain it in their files and produce it to GALE CORP.'s counsel upon a demonstration by GALE CORP. that the provisions or spirit of this Protective Order have been violated;

(c) <u>Deponents</u> and their counsel who are asked to review "Confidential" documents or information therein during the course of depositions taken in or for this case, provided that the deponent and his or her counsel, if not previously bound by this Protective Order, must first sign an acknowledgment in the form of **Exhibit "A"** hereto (which acknowledgment shall be attached to the deposition transcript); provided, that if a deponent refuses to sign an acknowledgment in the form of Exhibit "A" hereto, that deponent may be shown "Confidential" documents during the deposition, but will not be allowed to take any such "Confidential" documents from the deposition site, and will be required to go to the stenographic reporter's office to review and sign his or her deposition

transcript;

(d) <u>Stenographic reporters, tape transcribers and/or videographers</u> who are involved in depositions or any hearings or proceedings before the Court in this case, or any adversary proceeding arising in this case, as well as any copy services who provide assistance in document production and duplication, provided that they must first sign an acknowledgment in the form of **Exhibit "A"** hereto (which acknowledgment shall be attached to the deposition transcript);

(e) <u>Parties in this action</u> who have a need to review the information in connection with this action (all of whom shall be made aware of and agree to abide by the terms of this Protective Order), provided that before any disclosure to a party <u>who is not represented by counsel signing this Protective Order</u>, such party and such party's counsel must sign an acknowledgment in the form of **Exhibit "A"** hereto (which acknowledgment shall be maintained in GALE CORP.'s counsel's files).

4. Any deposition, production of documents pursuant to a request or subpoena which will or might reasonably include disclosure of "Confidential" information, as defined in Paragraph 2, above, shall be attended only by those persons entitled to receive "Confidential" information under this Protective Order. "Confidential" information shall not be disclosed to a deposition witness except in conformity with this Protective Order. Information disclosed at such deposition or production of documents may be designated by any party as "Confidential" information by indicating on the record during the deposition or the production of documents that the testimony or information is "Confidential" and subject to the provisions of this Protective Order, and the deposition, whether documentary or testimony, shall be sealed in the following manner:

> The material is placed in a sealed manila envelope no smaller than 9" by 12" and no larger than 10" x 13"; that the envelope must have on its back (on the unsealed side) the warning: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," the case number and caption, and the title of the paper enclosed;

that in parentheses beneath the title of the paper as they appear on the envelope, there must be a reference to the confidentiality order, by file date and title [as, for example, (FILED UNDER SEAL PURSUANT TO Protective Order FILED JANUARY 1, 2000)], under which the papers are submitted.

5. "Confidential" information shall not be disclosed or made available to persons other than "Qualified Persons." No information designated "Confidential" shall be disclosed to anyone other than "Qualified Persons." If one party wishes to disclose such information to anyone other than "Qualified Persons," notice shall be served on GALE CORP.'s counsel of the identity of that person, and the information to be divulged. Such disclosure shall not occur except upon written consent of GALE CORP. or upon leave of this Court.

6. Documents and things produced by GALE CORP. pursuant to pretrial discovery may be designated as "Confidential" information by marking each page: "Confidential" or "Proprietary" or "Subject to Protective Order," or by the producing party advising counsel that the documents, microfilms, microfiches, or things are deemed "Confidential" information.

7. Should counsel for a party desire to file or submit any such "Confidential" information in open court, said counsel shall give GALE CORP.'s counsel five (5) business days' notice of his or her intentions in this regard so that GALE CORP.'s counsel may have an opportunity to apply to the Court for further protective relief.

8. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any particular document, or discovery material, deposition transcript, or discovery response is, or is not, confidential; or (b) prejudice in any way the right of any party to seek a determination by the Court whether particular information should or may be disclosed or, if disclosed, whether it should remain subject to the terms of this Protective Order. Any party may request the Court to modify or otherwise grant relief from any provision of this Order. Nothing in this Order shall

operate as an admission by any party that any particular "Confidential" information is, or is not, admissible in evidence at the trial or other proceeding in this action.

9. Upon final termination of the above captioned case, all counsel in possession of Confidential information produced in the course of discovery by GALE CORP. or its distributors shall reclaim all materials and documents and shall return all copies to GALE CORP., and shall provide to GALE CORP. the certificate in the form of **Exhibit "B"** hereto. Said "Confidential" materials and documents, as well as the certificate in the form of Exhibit "B" hereto, shall be provided to GALE CORP. within sixty (60) days of the termination of the subject litigation.

Any attorney work product generated as a result of confidential information produced by GALE CORP. shall be collected by counsel and counsel will destroy said attorney work product and provide verification of destruction to counsel for GALE CORP.

10. Each party's counsel shall have the duty to use reasonable care and precautions to ensure that any person designated by that party as a "Qualified Person" observes the terms of this Protective Order.

11. It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that plaintiff's counsel objects at any stage of these proceedings to the propriety of a designation by GALE CORP. of any information as "Confidential" information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have the burden of initiating a proceeding in Court to establish that the information designated "Confidential" is not subject to the restrictions of this Protective Order.

12. Nothing in this Protective Order shall be deemed a waiver of GALE CORP.'s right to (a) oppose discovery upon grounds other than that the documents and information sought constitute or contain "Confidential" information; and (b) object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

13. All parties shall be subject to this Protective Order and they shall sign the

Protective Order if they desire copies of "Confidential" information.

14.     All parties subject to this Protective Order agree that the United States District Court, Eastern District of California shall be the proper Court for an enforcement and adjudication of claims concerning alleged breaches of its provisions.

15.     Sanctions may be imposed on any individual granted access to "Confidential" information under this Protective Order who uses such "Confidential" information for any purpose other than in connection with this action or in any manner which otherwise violates the terms of the Protective Order.

**IT IS SO STIPULATED.**

Dated: July ____, 2008            **NOLEN ■ OWENS**

By: _____
Rudy Nolen
Counsel for Defendant/Counterclaimant
GALE CORP.

Dated: July ____, 2008            **HANSEN, CULHANE, KOHLS, JONES & SOMMER, LLP**

By: _____
Daniel V. Kohls
Counsel for Plaintiff/Counterdefendants
GREENBERG TRAURIG, LLP, LIVINGSTON & MATTESICH and KATHLEEN FINNERTY

**IT IS SO ORDERED.**

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT**

**RE CONFIDENTIAL DISCOVERY INFORMATION**

The undersigned hereby acknowledges that he/she has read the Protective Order entered into, in the action entitled *Greenberg Traurig, LLP vs. Gale Corp., and related counterclaim and third party complaint, United States District Court, East District of California, Case No. 2:07-CV-01572-MCE-DAD*, on _____ (date); that he/she understands the terms thereof, that he/she has been designated by a party to the present litigation as a Qualified Person thereunder, and that he/she individually and on behalf of the party designating him/her as a Qualified Person, agrees to be bound by such order; and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court for purposes related to this Protective Order.

DATED: _____

_____
(signature)

_____
(print name)

_____
_____
_____
(address)

**EXHIBIT B**

**AFFIDAVIT OF COMPLIANCE WITH Protective Order**

I, _____, being duly sworn on oath, depose and state as follows, to wit:

(1) On the ____ day of _____, _____ I returned to _____ all Confidential Materials in my possession, custody or control which are subject to a Protective Order entered into on _____, 2008, in an action entitled *Greenberg Traurig, LLP vs. Gale Corp., and related counterclaim and third party complaint, United States District Court, Eastern District of California, Case No. 2:07-CV-01572-MCE-DAD.*

(2) I have complied with the terms of that Protective Order and agree to abide by its terms in the future.

_____
By:

**ACKNOWLEDGEMENT**

STATE OF CALIFORNIA         )
                            ) ss.
COUNTY OF _____)

On this _____ day of _____, 2008, before me, a Notary Public in and for the said County and State, duly commissioned and sworn, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within AFFIDAVIT OF COMPLIANCE WITH Protective Order and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this Certificate first above written.

_____
Notary Public in and for said
County and State of California