UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREENBERG TRAURIG LLP,

    Plaintiff,

    v.

GALE CORP., et al.,

    Defendants.

No. 2:07-cv-01572-MCE-DAD

ORDER

----oo0oo----

Presently before the Court is Defendants' Motion to Amend the Pretrial Scheduling Order ("PTSO").[1] Good cause having been shown, Defendants' Motion is granted.

///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause."

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F. 2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. Id.

Good cause has been shown here. Defendants' counsel candidly admitted that the failure to exchange expert witness reports was his own. Moreover, after realizing his mistake, he timely contacted opposing counsel, seeking to rectify his wrong.

///
///
///
///
///

Additionally, the Court is persuaded that expert testimony is crucial to a determination of the merits of this action such that the balance of equities thus tips toward amending the PTSO. Finally, since Defendants' counsel testified that he has not yet viewed Plaintiff's reports in any form, Plaintiff will suffer no prejudice if a short extension is granted.

Nevertheless, the Court finds Defendants' forty-five day request to be excessive and now determines that the exchange of expert witness reports shall occur no later than **April 13, 2009**. The deadline for hearing dispositive Motions will consequently be extended from May 14, 2009, to **June 11, 2009.**

Finally, Defendants' counsel is cautioned that no mistakes of this nature will be tolerated in the future. Similar failures may result in the imposition of sanctions, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or other such sanctions as the Court deems appropriate.

Accordingly, Defendants' Motion to Amend the PTSO (Docket No. 33) is GRANTED, and Plaintiffs' filing of its expert reports (Docket No. 27) is hereby ordered sealed.

IT IS SO ORDERED.

Dated: April 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE