UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREENBERG TAURIG, LLP,    No. 2:07-cv-01572-MCE-DAD

    Plaintiff,

  v.    MEMORANDUM AND ORDER

GALE CORP.,

    Defendant.

----oo0oo----

Defendant/Counter-claimant Gale Corp. ("Gale") has brought the present counterclaim against Plaintiff/Counterdefendant Greenberg Traurig, LLP ("Greenberg") and Third-Party Defendants Kathleen Finnerty ("Finnerty") and Livingston & Mattesich Law Corporation ("Livingston & Mattesich") for legal malpractice. Counterdefendant Greenberg now moves for summary judgment. Third-Party Defendant Finnerty moves for summary adjudication regarding Gale's claims arising from her representation on or after October 10, 2005.

///

///

1

For the reasons set forth below, Greenberg's motion for summary judgment, and Finnerty's motion for summary adjudication will be denied.[1]

**BACKGROUND**

On July 30, 2003, Gale entered into a Retainer Agreement with Livingston & Mattesich for legal representation in the patent infringement suit <u>Kapusta v. Gale Corporation</u>, United States District Court, Eastern District of California, No. Civ. S-03-1232 LKK/KJM ("Kapusta patent litigation"). Seven days later, Kathleen Finnerty became the lead counsel for Gale and took responsibility for handling its defense. Effective October 10, 2005, Livingston & Mattesich's attorneys joined Greenberg Traurig,[2] and Greenberg took over Gale's case under the same terms and conditions as set forth in the July 2003 Retainer Agreement. Third-party Defendant Finnerty remained Gale's lead attorney after joining Greenberg.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The parties dispute whether the two firms merged. Greenberg asserts that "individual attorneys with Livingston & Mattesich" simply "left that firm and joined Greenberg Traurig." (Pl.'s Separate Statement of Undisputed Material Facts, ¶3). By contrast, Gale maintains that the firms merged, "so that Livingston & Mattesich became the Sacramento office of Greenberg Traurig." (Def.'s Resp. to Separate Statement, ¶3).

1  Following a Markman hearing,[3] on August 5, 2004, the Court
2 issued an order that construed the term "hand-grip size case" in
3 the Kapusta patent to be inapplicable to a "pen size device" such
4 as Gale's challenged product.  On October 28, 2004, as a result
5 of the Court's claim construction, Ms. Finnerty entered into a
6 stipulation on behalf of Defendant Gale, in which she agreed that
7 Gale's product met each claim element under the patent except for
8 the "hand grip case."  Judgment of non-infringement was entered
9 pursuant to that stipulation on November 2, 2004.  Kapusta
10 appealed the judgment to the Court of Appeals for the Federal
11 Circuit.  On appeal, the Federal Circuit overturned the district
12 court's claim construction and held that the term "hand-grip size
13 case" applies to a case of any size "that can be gripped in a
14 normal hand."  The Federal Circuit remanded the case for further
15 proceedings consistent with its claim construction.

16  On October 13, 2006, bound by the Federal Circuit's claim
17 construction and the parties' stipulation, this Court granted
18 summary judgment against Gale for patent infringement.  In
19 granting summary judgment, the Court refused to grant Gale's
20 request, under Rule 60(b), for release from its binding
21 stipulation.  Judge Karlton explained in his order that Rule
22 60(b) only provides a court with one year during which it may
23 relieve a party from a final judgment.  After the grant of
24 summary judgment as to infringement, the parties settled their
25 remaining claims.

---

27  [3] A "Markman hearing," or claim construction hearing, is a
procedure whereby a district court construes the meaning of one
28 or more patent claims prior to trial.

1   On August 2, 2007, Greenberg filed a complaint against Gale
2 to recover unpaid legal fees arising from its representation of
3 Gale in the Kapusta litigation.  In response, Gale filed the
4 present counterclaim and third-party claim for legal malpractice.

**STANDARD**

8   The Federal Rules of Civil Procedure provide for summary
9 judgment when "the pleadings, depositions, answers to
10 interrogatories, and admissions on file, together with
11 affidavits, if any, show that there is no genuine issue as to any
12 material fact and that the moving party is entitled to a judgment
13 as a matter of law."  Fed. R. Civ. P. 56(c).  One of the
14 principal purposes of Rule 56 is to dispose of factually
15 unsupported claims or defenses.  Celotex Corp. v. Catrett,
16 477 U.S. 317, 325 (1986).

17   Rule 56 also allows a court to grant summary adjudication on
18 part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party
19 seeking to recover upon a claim ... may ... move ... for a
20 summary judgment in the party's favor upon all or any part
21 thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp.
22 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter
23 Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

24   The standard that applies to a motion for summary
25 adjudication is the same as that which applies to a motion for
26 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.
27 ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).
28 ///

4

1
2
3
4
5
>     Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

6 Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

7 If the moving party meets its initial responsibility, the
8 burden then shifts to the opposing party to establish that a
9 genuine issue as to any material fact actually does exist.
10 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
11 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
12 253, 288-89 (1968).

13 In attempting to establish the existence of this factual
14 dispute, the opposing party must tender evidence of specific
15 facts in the form of affidavits, and/or admissible discovery
16 material, in support of its contention that the dispute exists.
17 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
18 the fact in contention is material, i.e., a fact that might
19 affect the outcome of the suit under the governing law, and that
20 the dispute is genuine, i.e., the evidence is such that a
21 reasonable jury could return a verdict for the nonmoving party.
22 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
23 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
24 Workers, 971 F.2d 347, 355 (9th Cir. 1987).
25 ///
26 ///
27 ///
28 ///

1  Stated another way, "before the evidence is left to the jury,
2  there is a preliminary question for the judge, not whether there
3  is literally no evidence, but whether there is any upon which a
4  jury could properly proceed to find a verdict for the party
5  producing it, upon whom the onus of proof is imposed." Anderson,
6  477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442,
7  448, 20 L.Ed. 867 (1872)).  As the Supreme Court explained,
8  "[w]hen the moving party has carried its burden under Rule 56(c),
9  its opponent must do more that simply show that there is some
10 metaphysical doubt as to the material facts .... Where the record
11 taken as a whole could not lead a rational trier of fact to find
12 for the nonmoving party, there is no 'genuine issue for trial.'"
13 Matsushita, 475 U.S. at 586-87.
14      In resolving a summary judgment motion, the evidence of the
15 opposing party is to be believed, and all reasonable inferences
16 that may be drawn from the facts placed before the court must be
17 drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
18 Nevertheless, inferences are not drawn out of the air, and it is
19 the opposing party's obligation to produce a factual predicate
20 from which the inference may be drawn.  Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
22 *aff'd*, 810 F.2d 898 (9th Cir. 1987).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**1.   Professional Negligence Claim**

The elements of a claim for professional negligence "are (1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1199 (2001) (citations omitted). For purposes of these motions, Greenberg and Finnerty do not dispute Gale's duty and breach allegations. Instead, they argue that Gale has provided insufficient evidence to support the causation and damages elements of the cause of action. Specifically, Greenberg and Finnerty argue that Gale did not suffer appreciable harm from their alleged failure to advise Gale that it could seek independent review of its rights regarding the stipulated judgment because, according to them, the only harm this breach could have possibly caused would have been if Gale had been time-barred from bringing a malpractice suit. Because Greenberg's and Finnerty's argument depends on two mischaracterizations of Gale's legal claims, their motions for summary judgment and summary adjudication will be denied.

///
///
///
///

First, Greenberg's and Finnerty's argument is unpersuasive because it relies on the mistaken premise that their *only* alleged breach of duty was their failure to advise Gale "to seek independent counsel to review its rights in connection with Ms. Finnerty's preparation of the stipulated judgment." (Beck Report 18). Contrary to Greenberg's and Finnerty's assumption, Gale has not based its negligence claim solely on the alleged failure to advise Gale of its right to seek independent review. Gale has argued that Greenberg and Finnerty had a duty to file a Rule 60(b) motion for relief from the allegedly improvident stipulation. Greenberg and Finnerty had until October 28, 2005 - 18 days after Greenberg became attorneys of record - to file the Rule 60(b) motion. Moreover, Gale suggests in its Opposition Brief and Answer and Counterclaim (8:21) that Greenberg breached its duty of care by permitting Finnerty to continue to handle the case despite her alleged lack of qualifications as a patent attorney.

Second, and equally fatal to Greenberg's and Finnerty's argument, is their conclusion that Gale cannot possibly have suffered injury as a result of Greenberg's and Finnerty's failure to advise because Gale was ultimately able to sue for malpractice. Although both parties base their assertions regarding the presence or absence of injury on, at best, scanty evidence, this Court is not prepared to rule, as a matter of law, that Gale may not bring its malpractice claim simply because it has failed to specify precisely how it suffered injury as a result of Finnerty's failure to disclose to Gale its right to independent review of its case.

8

1 Gale has at least argued that other counsel might have suggested
2 remedial repairs to its case that could have improved its
3 settlement position.  Moreover, Gale expert Justin Beck has
4 opined that Greenberg's and Finnerty's duty to advise Gale of its
5 right to independent review affected its "client's procedural *and*
6 *substantive* rights," (Beck Report 18), emphasis added),
7 suggesting that he believed more was at stake for Gale than
8 merely its ability eventually to bring a malpractice suit against
9 Finnerty.
10    Because genuine issues of material fact remain, Greenberg's
11 and Finnerty's motions for summary judgment and summary
12 adjudication will be denied with respect to Gale's first claim
13 for relief.
14
15    **2.   Breach of Fiduciary Duty Claim**
16
17    To establish liability for breach of fiduciary duty, a
18 plaintiff must prove "(1) the existence of a fiduciary duty;
19 (2) the breach of that duty; and (3) damage proximately caused by
20 that breach."  Mosier v. Southern California Physicians Ins.
21 Exchange, 63 Cal. App. 4th 1022, 1044 (1998).  As with Gale's
22 professional negligence claim, Greenberg and Finnerty argue that
23 Gale's breach of fiduciary duty claim fails as a matter of law
24 because Gale has failed to adduce evidence that would establish
25 that the breach in any way caused Gale to suffer legally
26 cognizable damages.
27 ///
28 ///

9

Because Greenberg's and Finnerty's motions rest on essentially the same argument as their causation and damages challenge to the professional negligence claim, their motions for summary judgment and summary adjudication will be denied.[4]

### 3. Greenberg's Successor Liability for Alleged Malpractice Prior to October 10, 2005

Although the parties did not directly discuss the issue in briefing the present motions, the Court is well aware from the concurrently filed motions regarding related claims that the parties disagree as to whether Greenberg may be liable as a successor partnership for Livingston & Mattesich's alleged negligence. Because the evidence before the court could plausibly support either party's interpretation regarding successor liability, Gale cannot be precluded at this juncture from asserting claims against Greenberg for malpractice committed by Livingston & Mattesich before October 10, 2005. In order to recover, however, it must, of course, establish that Greenberg is liable as a successor entity to Livingston & Mattesich.

///
///
///
///

---

[4] The only further argument offered by Greenberg and Finnerty against the breach of fiduciary duty claim is a citation to a passage from a treatise of legal malpractice. This citation does not change the Court's analysis because it is inapplicable to Gale's breach of fiduciary duty claim. The passage denounces expert witnesses making unsubstantiated allegations of possible conflicts of interest in order to prejudice the fact-finder against the defendant.

10

**CONCLUSION**

For the foregoing reasons, Plaintiff/Counterdefendant Greenberg Traurig's motion for summary judgment is DENIED. Third-Party Defendant Kathleen Finnerty's motion for summary adjudication is also DENIED.

Dated: August 3, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE