UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREENBERG TRAURIG, LLP,    No. 2:07-cv-01572-MCE-DAD

    Plaintiff,

  v.    MEMORANDUM AND ORDER

GALE CORP.,

    Defendant.

----oo0oo----

Plaintiff Greenberg Traurig, LLP ("Greenberg") has brought this present action to recover unpaid legal fees from its former client, Defendant Gale Corp. ("Gale"). In its Answer, Gale asserted as an affirmative defense that Greenberg's material breach of the contract excused Gale from performance. Gale has also brought counterclaims and third-party claims for malpractice and breach of fiduciary duty. Named third-party Defendants include Livingston & Mattesich Law Corporation ("Livingston & Mattesich") and Kathleen Finnerty, the lead Livingston & Mattesich attorney for Gale in the patent litigation that underlies this contract dispute.

1

Greenberg now moves for summary judgment on its breach of contract claim. As set forth below, Greenberg's motion for summary judgment is denied.[1]

**BACKGROUND**

On July 30, 2003, Gale entered into a Retainer Agreement with Livingston & Mattesich for legal representation in the patent infringement suit <u>Kapusta v. Gale Corporation</u>, United States District Court, Eastern District of California, No. Civ. S-03-1232 LKK/KJM ("Kapusta patent litigation"). Seven days later, Kathleen Finnerty became the lead counsel for Gale and took responsibility for handling its defense. Effective October 10, 2005, Livingston & Mattesich's attorneys joined Greenberg Traurig,[2] and Greenberg took over Gale's case under the same terms and conditions as set forth in the July 2003 Retainer Agreement. Third-party Defendant Finnerty remained Gale's lead attorney after joining Greenberg.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The parties dispute whether the two firms merged. Greenberg asserts that "individual attorneys with Livingston & Mattesich" simply "left that firm and joined Greenberg Traurig." (Pl.'s Separate Statement of Undisputed Material Facts, ¶3). By contrast, Gale maintains that the firms merged, "so that Livingston & Mattesich became the Sacramento office of Greenberg Traurig." (Def.'s Resp. to Separate Statement, ¶3).

Following a Markman hearing,[3] on August 5, 2004, the Court issued an order that construed the term "hand-grip size case" in the Kapusta patent to be inapplicable to a "pen size device" such as Gale's challenged product. On October 28, 2004, as a result of the Court's claim construction, Ms. Finnerty entered into a stipulation on behalf of Defendant Gale, in which she agreed that Gale's product met each claim element under the patent except for the "hand grip case." Judgment of non-infringement was entered pursuant to that stipulation on November 2, 2004. Kapusta appealed the judgment to the Court of Appeals for the Federal Circuit. On appeal, the Federal Circuit overturned the district court's claim construction and held that the term "hand-grip size case" applies to a case of any size "that can be gripped in a normal hand." The Federal Circuit remanded the case for further proceedings consistent with its claim construction.

On October 13, 2006, bound by the Federal Circuit's claim construction and the parties' stipulation, this Court went on to grant summary judgment against Gale for patent infringement. In granting summary judgment, the Court refused to grant Gale's request, under Rule 60(b), for release from its binding stipulation. Judge Karlton explained in his order that Rule 60(b) only provides a court with one year during which it may relieve a party from a final judgment. After the grant of summary judgment as to infringement, the parties settled their remaining claims.

---

[3] A "Markman hearing," or claim construction hearing, is a procedure whereby a district court construes the meaning of one or more patent claims prior to trial.

1  Between March 10, 2006, and March 6, 2007, Greenberg sent
2 Gale invoices totaling $218,476.08 for services rendered between
3 February 1, 2006, and February 15, 2007.  Gale has refused to pay
4 these invoices on the ground that Greenberg did not competently
5 perform its legal services.  Consequently, on August 2, 2007,
6 Plaintiff Greenberg filed its complaint in the present action,
7 seeking $218,476.08, plus interest for Gale's alleged breach of
8 contract.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

///
///

4

1    In attempting to establish the existence of this factual
2 dispute, the opposing party must tender evidence of specific
3 facts in the form of affidavits, and/or admissible discovery
4 material, in support of its contention that the dispute exists.
5 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
6 the fact in contention is material, i.e., a fact that might
7 affect the outcome of the suit under the governing law, and that
8 the dispute is genuine, i.e., the evidence is such that a
9 reasonable jury could return a verdict for the nonmoving party.
10 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
11 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
12 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
13 "before the evidence is left to the jury, there is a preliminary
14 question for the judge, not whether there is literally no
15 evidence, but whether there is any upon which a jury could
16 properly proceed to find a verdict for the party producing it,
17 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
18 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448,
19 20 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen
20 the moving party has carried its burden under Rule 56(c), its
21 opponent must do more than simply show that there is some
22 metaphysical doubt as to the material facts .... Where the record
23 taken as a whole could not lead a rational trier of fact to find
24 for the nonmoving party, there is no 'genuine issue for trial.'"
25 Matsushita, 475 U.S. at 586-87.
26 ///
27 ///
28 ///

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  <u>Anderson</u>, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Even at first blush, the present lawsuit appears to be an ill-qualified candidate for summary judgment.  Gale raises numerous factual allegations to support its material breach defense.  Greenberg endeavors to dispense with each by arguing that: (1) Greenberg is not liable as a successor entity for any of the alleged contract breaches that occurred while Livingston & Mattesich represented Gale; and (2) Gale has not provided admissible evidence to support any legally relevant breach allegation asserted against Greenberg directly.  Ultimately, after thus brushing aside each of Gale's contentions in conclusory fashion, Greenberg attempts to reduce the present action to simply an unjustified failure of Gale to pay its legal fees.  This characterization, however, fails to withstand even the most rudimentary scrutiny.  Because a bevy of factual disagreements remain, this Court must deny Greenberg's motion for summary judgment.

6

In its initial brief, Greenberg begins by insisting that the fees it charged for its legal services are reasonable. To support this contention, it cites the expert witness report of Jon Hokanson, who opined that "the hourly rates charged by Greenberg ... were reasonable for a defense to a claim of patent infringement made in federal district court." (Hokanson Decl. ¶8). On the basis of this expert testimony alone, Greenberg concludes that because Gale did not submit its own expert report or any other contradictory evidence, it is entitled to summary judgment for its unpaid legal fees.

Although this argument accurately represents the evidence before this Court, it is entirely irrelevant to Gale's affirmative defense that Greenberg's failure to provide competent legal representation constituted a material breach of the Retainer Agreement. Put differently, Gale does not contest the reasonableness of Greenberg's attorney's fees for the services it was contractually obligated to perform. Rather, Gale contends that it is excused from making payment under the contract because Greenberg failed to meet its contractual obligations in the first place.

In its reply brief, Greenberg at least addresses the merits of Gale's material breach defense. It argues that Gale has not met its evidentiary burden under Rule 56(e)(2) to support any of its legally cognizable allegations of breach. Upon examination, however, this argument founders on several grounds.

///
///
///

Gale offers a couple of theories, supported by admissible evidence, to support its contention that Greenberg did not competently perform its obligations under the Retainer Agreement. First, Gale argues that Finnerty's October 28, 2004, Stipulation ("Stipulation") constituted malpractice, and that Greenberg had a duty to disclose this malpractice to its client as soon as it became aware of its occurrence. Gale substantiates this allegation with the expert testimony of Justin Beck, who opined that Greenberg breached its "duty to advise Gale Corporation to seek independent counsel to review its rights in connection with Ms. Finnerty's preparation of the stipulated judgment." (Beck Report at 18). Greenberg attempts to explain away this factual dispute by arguing that, even if true, its alleged breach of the duty to disclose did not harm Gale because Gale ultimately brought a malpractice suit. But this argument overlooks the fact that whether or not Gale was harmed by Greenberg's alleged breach is itself a factual issue. Indeed, Gale contests Greenberg's factual assertion that it suffered no harm by arguing that Greenberg should have brought a timely Rule 60(b) motion to set aside the Stipulation.[4]

///
///

---

[4] This Court cannot accept Greenberg's argument that it should disallow Gale's claim that Greenberg should have brought a Rule 60(b) motion as procedurally defective because Gale did not raise it in its Answer and Counterclaim. All of Greenberg's cited authorities hold that a *plaintiff* may not base its opposition to a motion for summary judgment on facts or legal theories that it has not raised in the pleadings. Moreover, all of Greenberg's authorities pertain to the *California* rules of civil procedure, not the federal rules, which govern here.

8

Even on the sole basis of the parties' disagreement concerning Greenberg's alleged breach of its duty to disclose Finnerty's purported malpractice, this Court cannot rule that there exists no genuine issue as to any material fact for Gale's material breach defense.[5]

In addition, this Court cannot rule as a matter of law that Greenberg is not liable as a successor for the alleged breaches of third-party Defendants Livingston & Mattesich and Finnerty that occurred prior to October 10, 2005. Gale premises its successor liability theory on its argument that Livingston & Mattesich's sale of assets to Greenberg amounted to a *de facto* merger. Under California law, courts must apply five fact-intensive factors to determine whether an asset sale constitutes a de facto merger. See Orthotec, LLC v. Reo Spineline, LLC, 438 F. Supp. 2d 1122, 1130 (C.D. Cal. 2006). To prove that a de facto merger has occurred, a litigant must establish the existence of some or all of the following factors that courts consider: "(1) was the consideration paid for the assets solely stock of the purchaser or its parent; (2) did the purchaser continue the same enterprise after the sale; (3) did the shareholders of the seller become shareholders of the purchaser;

---

[5] The Court notes that Greenberg has requested judicial notice as to several allegedly undisputed facts. To the extent that these facts are truly undisputed by Gale, Greenberg's request is granted. Greenberg's request is denied, however, with respect to those "facts" that Gale does dispute, such as Greenberg's contention that "[t]he only alleged wrongdoing of Greenberg Traurig, LLP, for which Gale Corp. submitted any expert witness opinion was that Greenberg Traurig, LLP, fell below the applicable standard of care in failing to advise Gale Corp., 'to seek independent counsel to review its rights in connection with Ms. Finnerty's preparation of the stipulated judgment.'" (Request for Judicial Notice at 3:5-8).

9

1  (4) did the seller liquidate; and (5) did the buyer assume the
2  liabilities necessary to carry on the business of the seller?"
3  Id.
4     The parties have submitted conflicting evidence regarding
5  the alleged occurrence of a de facto merger.  For its part,
6  Greenberg has submitted admissible evidence in support of its
7  theory that it did not merge with Livingston & Mattesich.
8  Greenberg shareholder and third-party Defendant, Kathleen
9  Finnerty, has declared, "Greenberg Traurig, LLP, did not merge
10 with or succeed to the interest of Livingston & Mattesich and
11 has, to this day, remained a complete and separate legal entity
12 from Livingston & Mattesich."  (Finnerty Decl. in Opp. To Mot.
13 For Summ. Adjudication 2:11-13).  Gale, however, has submitted
14 conflicting evidence, in the form of an October 13, 2005,
15 announcement from Livingston & Mattesich to its clients.  That
16 announcement reads, "As of October 10, the attorneys, lobbyists,
17 facilities and operations of Livingston & Mattesich Law
18 Corporation will become the Sacramento office of Greenberg
19 Traurig, LLP."  A reasonable jury could interpret this statement
20 as establishing facts that could satisfy several of the
21 prerequisites for a de facto merger.  Because the evidence is
22 inconclusive and susceptible to either party's interpretation of
23 the facts, this Court cannot now decide the question of successor
24 liability.
25 ///
26 ///
27 ///
28 ///

10

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: August 3, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11