1  DANIEL V. KOHLS (State Bar No. 167987)
   BRET N. BATCHMAN (State Bar No. 236311)
2  HANSEN, KOHLS, JONES, SOMMER & JACOB, LLP
   3001 LAVA RIDGE COURT, SUITE 120
3  ROSEVILLE, CALIFORNIA 95661
   TELEPHONE: (916) 781-2550
4  FACSIMILE: (916) 781-5339

5  Attorneys for Plaintiff/Counter-Defendant
   GREENBERG TRAURIG, LLP, and Third-Party Defendants
6  LIVINGSTON & MATTESICH and KATHLEEN FINNERTY

7

8                  UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  GREENBERG TRAURIG, LLP, a New          Case No. 2:07-CV-01572  MCE DAD
    York limited liability partnership,
12                                         THIRD PARTY DEFENDANTS
               Plaintiff,                  LIVINGSTON & MATTESICH LAW
13                                         CORPORATION AND KATHLEEN
    vs.                                    FINNERTY'S OPPOSITION TO GALE
14                                         CORP.'S MOTION IN LIMINE NO. 1:
    GALE CORP., a California corporation also
15  known as GALE CORPORATION,             MOTION TO DISMISS THE THIRD
                                           AFFIRMATIVE DEFENSE OF
16             Defendant,                   KATHLEEN FINNERTY AND
                                    /      LIVINGSTON & MATTESICH
17
    AND RELATED COUNTER-CLAIM              Date:       October 16, 2009
18  AND THIRD PARTY CLAIM.                 Time:       10:00 a.m.
                                    /      Courtroom:  7
19                                         Judge:      Hon. Morrison C. England, Jr.

20                                         Complaint
                                           Filed:      August 2, 2007
21

22                            I.

23                     INTRODUCTION

24        Gale Corp. ("Gale") presents its first Motion in Limine to "dismiss" third party

25  defendants Livingston & Mattesich ("L&M") and Kathleen Finnerty's ("Finnerty") Third

26  Affirmative Defense that the statute of limitations bars Gale's claims against them. But Gale's

27  motion is actually a dispositive motion in the guise of a Motion in Limine. The motion moves to

28  "dismiss Counterdefendants' [sic] Third Affirmative Defense" on the ground that

Counterdefendants [sic] did not produce admissible evidence during discovery that would allow them to "proceed at trial." Gale mistakes what should be a pretrial procedural device to address admissibility of evidence by attempting to end-run around the pre-trial dispositive motion cut-off date.

Gale's motion, therefore, is procedurally defective. But, even if this Court were to consider the merits, admissible evidence to substantiate third party defendant L&M's third affirmative defense exists and was produced during discovery.

## II.

## RELEVANT FACTS

On or about July 29, 2003, Gale retained L&M to provide legal representation in *Kapusta v. Gale Corp.* (Undisputed Facts ("UF"), ¶ 8, Joint Pretrial Statement ("JPS").) L&M substituted in as attorneys of record on August 1, 2003. On November 2, 2004, the Court signed the Party Stipulation and Order ruling that Gale's Pocket Toner products did not infringe on Kapusta's patent as interpreted by the District Court because Gale's pocket toners did not have a "hand grip size case." (UF, ¶ 18, JPS.) On November 9, 2004, Kapusta file a Notice of Appeal. (UF, ¶ 19, JPS.)

On or about October 13, 2005, Gale received a letter from L&M stating that "as of October 10, the attorneys, lobbyists, facilities and operations of Livingston & Mattesich Law Corporation will become the Sacramento Office of Greenberg Traurig, LLP." (UF, ¶ 24, JPS.) As of October 10, 2005, therefore, Gale became a client of Greenberg Traurig ("GT"). L&M did not thereafter represent Gale.

On November 15, 2005, the United States Court of Appeals for the Federal Circuit issued its order reversing the District Court's ruling that the term "hand grip size case" means "a case that can be gripped in a normal hand," and thus reversing the District Court's ruling on non-infringement and remanding the case back to the District Court. (UF, ¶ 25, JPS.) Finally, in Gale's Responses to GT's Request for Admissions, Set 1, Gale admitted that it knew of the final decision of the United States Court of Appeals for the Federal Circuit in *Kapusta v. Gale Corporation*, No, 05-1091, within forty-five days of the Court's November 15, 2005, ruling, *i.e.*,

1  by January 1, 2006. (Gale's Responses to GT's Request for Admissions, Set 1, 4:10-15.)

2       On September 12, 2007, Gale filed its counterclaim for professional negligence and

3  breach of fiduciary duty against, inter alia, L&M.

4  **III.**

5  **ARGUMENT**

6     A.   **<u>Gale's Motion Is Unclear, Vague, And Inconsistent</u>**

7       Gale's Motion in Limine No. 1 is so wrought with inconsistency that it can have no

8  substantial legal meaning. First, Gale sets forth the standard on Motions in Limine, stating that

9  an MIL may be used to exclude evidence that is not relevant to any of the issues in the case.

10  (Gale MIL No. 1, 2:2-4.) But a few lines later Gale asserts that the reason for its motion in limine

11  is to "dismiss" third party defendants' statute of limitations affirmative defense because "there is

12  no evidence to support this defense." (Gale MIL No. 1, 2:22-23.) It is difficult to see what Gale

13  wishes excluded by means of this motion when it openly asserts that there is no such evidence in

14  existence. What is more confusing is that the motion continues by arguing the **merits** of the

15  statute of limitations defense.

16       Further, Gale's motion states that it is based upon the fact that "Counterdefendants [sic]

17  have produced no admissible evidence in the course of discovery upon which to proceed at trial

18  with this affirmative defense." (Gale MIL No. 1, 1:25-27.) But, a motion in limine, as Gale

19  noted on page 2, is for the purpose of excluding irrelevant evidence or unnecessarily prejudicial

20  evidence. (Gale MIL No.1, 2:3-17.[1]) Thus, a motion in limine is not properly brought to

21  discover evidence that Gale believes was not produced. To the extent that this motion seeks to

22  discover evidence that may be relevant to third party defendant L&M's statute of limitations

23  affirmative defense, the time for discovery has passed.

24  ///

25  ///

26

27  ——————————

[1]  Gale Corp. essentially stated the proper standard for motions in limine despite citing

28  improperly to the California Evidence Code and not the Federal Rules of Evidence.

**B.    Contrary To Gale's Assertion, There Is Sufficient And Relevant Evidence To Support Third Party Defendant L&M's Statute Of Limitations Defense**

To the extent that this motion may be interpreted to seek exclusions of any evidence proffered to support third party defendant L&M's statute of limitations defense, such exclusions have no basis, nor did Gale provide any. The only proper bases for excluding evidence on a motion in limine are irrelevance and potential prejudice or confusion. (Fed. Rules Evid., Rules 401-403.) Instead of showing why or how any evidence might be unfit for admissibility in court, Gale simply argues the merits, concluding that, "In view of the fact that the counterclaim was filed only seven months after dismissal of the underlying action, GALE is well within the provisions of Section 340.6(a)." (Gale MIL No. 1, 3:16-18.) The problem with this argument is that it has nothing to do with whether or not any proffered evidence is relevant. Instead, Gale is arguing that an entire affirmative defense should be stricken because, based upon the limited facts it articulated, it claims it could defeat the defense.

Not only did Gale leave out important dispositive facts making the statute of limitations defense viable, but also Gale misunderstands that this is not the proper venue for such arguments. Moreover, as the next section demonstrates, Gale's assertion that there is no evidence supporting the statute of limitations defense is patently wrong.

**1.    Knowledge of the Facts Alone Is Sufficient to Initiate the Limitations Period**

California Code of Civil Procedure section 340.6(a) establishes a one year statute of limitations within which a legal malpractice action must be brought against an attorney. The one year period begins to run when "the plaintiff *discovers, or through the use of reasonable diligence should have discovered, the facts* constituting the wrongful act or omission." (Cal. Code. Civ. Proc., § 340(a). emphasis added.) Thus, the one year statute of limitations begins to run upon discovery of the wrongful conduct. Discovery occurs when the client knows or should know all material *facts* constituting the wrongful act or omission, whether or not the client appreciates that those facts might give rise to a cause of action. (*See, e.g., McGee v. Weinberg*, 97 Cal.App.3d 798, 803-804 (1979); *Worton v. Worton*, 234 Cal.App.3d 1638, 1650 (1991).)

-4-

1  The one year statute of limitations is triggered by the discovery of the facts constituting the
2  wrongful omission or conduct, not the discovery that such facts constitute professional
3  negligence. (*Krusesky v. Baugh*, 138 Cal.App.3d 562, 567-568 (1982).)

4          Here, the evidence brought to light during discovery demonstrates that Gale knew or
5  should have known the facts constituting the wrongful act or omission over one year before
6  commencing its action against third party defendants.  In Fall of 2004, Gale and Kapusta drafted
7  their Party Stipulation – signed by the judge on November 2, 2004 – establishing that Gale's
8  Pocket Toner products did not infringe on Kapusta's patent because Gale's pocket toners did not
9  have a "hand grip size case." (UF, ¶ 18, JPS.)  Gale therefore had actual knowledge at that point
10 that but for its products not having a "hand grip size case" its Pocket Toners infringed on the
11 Kapusta patent.  Gale also had actual knowledge that Kapusta was appealing to the Federal
12 Circuit Court of Appeals.  That appeal was decided when the Court overruled the District Court's
13 interpretation of "hand grip size case" and remanded for a decision consistent therewith.  Finally,
14 Gale admitted to having actual knowledge of the Federal Circuit's decision by January 1, 2006.
15 (Gale's Responses to GT's Request for Admissions, Set 1, 4:11-15.)  Thus, the evidence shows
16 that the facts upon which Gale is now suing were known when Gale learned that the stipulated
17 judgment had been reversed by the Federal Circuit.

18              **2.      No Applicable Tolling Mechanism Applies to Third**
19                      **Party Defendant L&M**

20          California Code of Civil Procedure section 340.6(a) provides four circumstances which
21 toll the limitations period for legal malpractice actions.  Here, only two are relevant.  The
22 limitations "period shall be tolled" until the plaintiff has "sustained actual injury" (Cal. Code.
23 Civ. Proc., § 340.6(a)(1)), and while "the attorney continues to represent the plaintiff regarding
24 the specific subject matter in which the alleged wrongful act or omission occurred." (Cal Code
25 Civ. Proc., § 340.6(a)(2).)  Here, Gale sustained actual injury when Gale continued to incur legal
26 expenses immediately after the Court of Appeal reversed the stipulated judgment in the district
27 court.  Whether or not Gale is seeking those fees as legal damages is irrelevant.  They still
28 constitute the actual injury suffered as a result of the alleged act or omission at issue.  The

1   relevant date is therefore November 15, 2005, when the Federal Circuit reversed the stipulated

2   judgment, and therefore there was no tolling of the statute of limitations for want of actual injury.

3       Consequently, the only remaining question is whether or not subsection (a)(2) of

4   California Code of Civil Procedure section 340.6 tolls the period of limitation.  It does not.

5   Subsection (a)(2) provides that the one year period is tolled while an "attorney continues to

6   represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or

7   omission occurred."  On this point, Gale leaves out important facts.  Although it is true that

8   Finnerty "continuously represented GALE" both at L&M and at GT, L&M ceased to represent

9   Gale the moment that Finnerty began working for GT.  Not only has Gale failed to provide any

10   rationale behind excluding evidence showing that L&M has a solid statute of limitations defense,

11   precedent establishes the validity of this defense as to L&M.

12       In *Beal Bank, SSB v. Arter & Hadden, LLP, et. al.*, 42 Cal.4th 503 (2007), a similar

13   situation arose in which a former client sued an attorney and his prior law firm for malpractice

14   arising from a debt collection matter.  The California Supreme Court held that "when an attorney

15   leaves a firm and takes a client with him or her," the tolling provision of subsection 340.6(a)(2)

16   does not "continue for claims against the former firm and partners." *(Id.* at p. 505.)  By way of

17   rationale, the court explained:

18       When a lawyer leaves a firm and takes a client with him the firm's representation
    of the client ceases. There is no risk that the firm will attempt to run out the clock
19       on the statute of limitations by offering reassurances and blandishments about the
    state of the case. Conversely, the firm loses all ability to mitigate any damage to
20       the client.

21   (*Id.* at p. 511-12.)  Similarly here, when Finnerty began at GT, L&M lost all possibility of

22   mitigation because it no longer had any control over the case.  Further, the danger that it would

23   dishonestly stall the case to let the limitations period run if Gale had instituted the action sooner

24   is equally baseless.  Because evidence to support this affirmative defense exists and because Gale

25   provided no reason why this evidence is either irrelevant, confusing, or prejudicial, Gale's motion

26   to dismiss this affirmative defense or exclude any supporting evidence should be denied.

27   ///

28   ///

1

## IV.

2

## CONCLUSION

3    Because Gale's Motion in Limine No. 1 is an improper dispositive motion, is unclear,

4    vague, and inconsistent, and argues that although there is no evidence to support the defense in

5    question, the evidence should nonetheless be excluded, this motion should be denied.

6    DATED: October 13, 2009             Respectfully submitted,

7                                        HANSEN, KOHLS, JONES, SOMMER
                                         & JACOB, LLP
8

9
                                 By:     /s/ Daniel V. Kohls
10                                       DANIEL V. KOHLS
                                         BRET N. BATCHMAN
11                                       Attorneys for Third-Party Defendants
                                         LIVINGSTON & MATTESICH and
12                                       KATHLEEN FINNERTY

13

14    **DECLARATION OF DANIEL V. KOHLS IN SUPPORT OF OPPOSITION TO GALE'S
      MOTION IN LIMINE NO. 1 TO DISMISS THE THIRD AFFIRMATIVE DEFENSE OF**
15    **KATHLEEN FINNERTY AND LIVINGSTON & MATTESICH**

16    I, Daniel V. Kohls, declare as follows:

17         1.      I am an attorney at law duly licensed to practice before this Court and all the

18    Courts of the State of California and am a partner in the law firm, Hansen, Kohls, Jones Sommer

19    & Jacob, LLP, attorneys of record for Third Party Defendants Livingston & Mattesich and

20    Kathleen Finnerty. I have personal knowledge of the facts set forth in this declaration and am

21    competent to testify as a witness and, if called as a witness, I would so competently testify to the

22    verity of the facts stated herein, except as to the matters stated on information and belief, and to

23    those matters, I believe them to be true.

24         2.      On May 5, 2008, counsel for Gale Corporation served Gale Corp.'s Responses to

25    Plaintiff/Counterdefendant Greenberg Traurig, LLP's Request for Admissions, Set One; a true

26    and correct copy of Gale's Responses to Request for Admissions is attached hereto as Exhibit A.

27    / / /

28    / / /

1        I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing is true and correct.

3        Executed this 13th day of October 2009, in Roseville, California.

4

5                                            DANIEL V. KOHLS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

154475    Oppos. to Gale's MIL No. 1 to Dismiss the Third Affirmative Defense of Third Party Defs

**EXHIBIT A**

1  Rudy Nolen, SBN 59808
   Stephen W. Owens, SBN 84859
2  NOLEN ■ OWENS
   1501 28TH Street
3  Sacramento, California 95816
   Telephone: (916) 733-0600
4  Facsimile: (916) 733-0601

5

6  Attorney for Defendant and Counterclaimant
   GALE CORPORATION

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11 GREENBERG TRAURIG, LLP, a New          )    CASE NO: 2:07-CV-01572-MCE-DAD
   York limited liability partnership,    )
                                          )    **DEFENDANT/COUNTERCLAIMANT**
12          Plaintiff,                     )    **GALE CORPORATION'S**
                                          )    **RESPONSES TO**
13 vs.                                     )    **PLAINTIFF/COUNTERDEFENDANT**
                                          )    **GREENBERG TRAURIG, LLP'S**
14 GALE CORP., A California corporation    )    **REQUEST FOR ADMISSIONS, SET**
   also known as GALE CORPORATION,         )    **ONE**
15                                         )
          Defendant.                       )
16 _____ )
                                          )
17 AND RELATED COUNTERCLAIM and            )
   THIRD PARTY COMPLAINT.                  )
18 _____ )

19 **PROPOUNDING PARTY:** Plaintiff/Counterdefendant GREENBERG TRAURIG

20 **RESPONDING PARTY:**    Defendant/Counterclaimant GALE CORPORATION

21 **SET NUMBER:**           ONE

22       COMES NOW Defendant/Counterclaimant GALE CORPORATION (hereinafter,

23 "Gale"), who responds to Plaintiff/Counterdefendant GREENBERG TRAURIG's Request

24 for Admissions, pursuant to Federal Rules of Civil Procedure, Rule 36 as follows:

25 **REQUEST FOR ADMISSION NO. 1:**

26       Admit that on or about July 30, 2003, YOU entered into an attorney-client Retainer

27 AGREEMENT, attached as Exhibit A, with Livingston & Mattesich Law Corporation to

28 represent YOU in KAPUSTA V. GALE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

    *Admit.*

**REQUEST FOR ADMISSION NO. 2:**

    Admit that the terms of the AGREEMENT, attached as Exhibit A, required YOU to, among other things, "...timely make any payments required by this Agreement."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

    *Gale objects to the request in that the word "required" is vague and ambiguous. Gale admits that the agreement contains the phrase "...timely make any payments required by this Agreement."*

**REQUEST FOR ADMISSION NO. 3:**

    Admit that the terms of the AGREEMENT, attached as Exhibit A, states that, "At the beginning of each month, we [Livingston & Mattesich] will send you [Gale Corporation] a statement setting out the legal services we have provided, the costs incurred, and our fees for those services."

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

    *Admit.*

**REQUEST FOR ADMISSION NO. 4:**

    Admit that the terms of the AGREEMENT, attached as Exhibit A, states that, "all statements are due upon receipt and there will be a late charge of 1.25% per month on any balance outstanding over 30 days."

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

    *Admit.*

**REQUEST FOR ADMISSION NO. 5:**

    Admit that the terms of the AGREEMENT, attached as Exhibit A, state that, "This agreement contains the entire agreement of the parties."

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

    *Admit.*

////

1  **REQUEST FOR ADMISSION NO. 6**:

2      Admit that the terms of the AGREEMENT, attached as Exhibit A, state that, "No

3  other agreement, statement or promise made on or before the effective date of this

4  Agreement will be binding on the parties."

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

6      *Admit.*

7  **REQUEST FOR ADMISSION NO. 7**:

8      Admit that YOU have refused to pay the sum of $218,476.08, plus legal interest, for

9  legal services rendered and costs incurred by Greenberg Traurig, LLP, between the dates

10  of February 1, 2006, and February 15, 2007.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

12      *Admit.*

13  **REQUEST FOR ADMISSION NO. 8**:

14      Admit that YOUR attorney-client relationship with Livingston & Mattesich, in

15  KAPUSTA V. GALE, ended on October 9, 2005.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

17      *Deny. Gale lacks sufficient information to determine when, or if, its attorney-client*

18  *relationship ended with Livingston & Mattesich and so denies this request.*

19  **REQUEST FOR ADMISSION NO. 9**:

20      Admit that on October 10, 2005, YOU began an attorney-client relationship with

21  Greenberg Traurig, LLP.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

23      *Gale admits that at some point in the Kapusta v. Gale lawsuit, Gale began an*

24  *attorney-client relationship with Greenberg Traurig, LLP.*

25  **REQUEST FOR ADMISSION NO. 10**:

26      Admit that the same terms and conditions contained within the AGREEMENT

27  remained in full force and effect after Greenberg Traurig, LLP, took over legal

28  representation of YOU in KAPUSTA V. GALE.

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

2 *Gale admits that this agreement with Greenberg Traurig, LLP contained the same*

3 *terms and conditions as those in Gale's agreement with Livingston & Mattesich.*

4 **REQUEST FOR ADMISSION NO. 11**:

5 Admit that by December 15, 2004, YOU were aware of the terms of the Stipulation

6 For Entry Of Final Judgment in KAPUSTA V. GALE that was filed with the Court on

7 November 2, 2004.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

9 *Deny.*

10 **REQUEST FOR ADMISSION NO. 12**:

11 Admit that YOU knew of the Court's final decision in *Kapusta v. Gale Corporation,*

12 United States Court of Appeal for the Federal Circuit, No. 05-1091, within forty-five (45)

13 days of the Court's November 15, 2005, ruling.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

15 *Admit.*

16 **REQUEST FOR ADMISSION NO. 13**:

17 Admit that YOU signed a substitution of attorney on or about December 19, 2005,

18 which in effect substituted out Livingston & Mattesich Law Corporation and substituted in

19 Greenberg Traurig, LLP as YOUR attorney of record in KAPUSTA V. GALE.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

21 *Gale admits that on behalf of the company, Robert Gale signed a substitution of*

22 *attorney form on or about December 19, 2005.*

23 **REQUEST FOR ADMISSION NO. 14**:

24 Admit that Livingston & Mattesich Law Corporation conducted an appropriate prior

25 arts search in their defense of YOU in KAPUSTA V. GALE.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

27 *Deny.*

28 *////*

1  **REQUEST FOR ADMISSION NO. 15**:

2      Admit that Greenberg Traurig, LLP, conducted an appropriate prior arts search in

3  their defense of YOU in KAPUSTA V. GALE.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

5      *Deny.*

6  **REQUEST FOR ADMISSION NO. 16**:

7      Admit that Kathleen Finnerty conducted an appropriate prior arts search in her

8  defense of YOU in KAPUSTA V. GALE.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

10      *Deny.*

11  **REQUEST FOR ADMISSION NO. 17**:

12      Admit that Robert Gale was disclosed as an expert in the Court's November 17,

13  2006, Pretrial Order in KAPUSTA V. GALE.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

15      *Admit.*

16  **REQUEST FOR ADMISSION NO. 18**:

17      Admit that U.S. Patent No. 4,281,283 was raised as an Anticipation defense in the

18  Court's November 17, 2006, Pretrial Order in KAPUSTA V. GALE.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

20      *Admit.*

21  **REQUEST FOR ADMISSION NO. 19**:

22      Admit that U.S. Patent No. 1,372,570 was raised as an Anticipation defense in the

23  Court's November 17, 2006, Pretrial Order in KAPUSTA V. GALE.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

25      *Admit.*

26  **REQUEST FOR ADMISSION NO. 20**:

27      Admit that U.S. Patent No. 2,413,484 was raised as an Anticipation defense in the

28  Court's November 17, 2006, Pretrial Order in KAPUSTA V. GALE.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

2      *Admit.*

3  **REQUEST FOR ADMISSION NO. 21**:

4      Admit that U.S. Patent No. 2,459,351 was raised as an Anticipation defense in the

5  Court's November 17, 2006, Pretrial Order in KAPUSTA V. GALE.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

7      *Admit.*

8  **REQUEST FOR ADMISSION NO. 22**:

9      Admit that U.S. Patent No. 4,553,085 was raised as an Anticipation defense in the

10  Court's November 17, 2006, Pretrial Order in KAPUSTA V. GALE.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

12      *Admit.*

13  **REQUEST FOR ADMISSION NO. 23**:

14      Admit that Greenberg Traurig, LLP never recommended that YOU enter into a

15  settlement agreement which would have prevented YOU from entering into business

16  arrangements with others to either make or license YOUR allegedly infringing products.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

18      *Deny.*

19  **REQUEST FOR ADMISSION NO. 24**:

20      Admit that Livingston & Mattesich Law Corporation never recommended that YOU

21  enter into a settlement agreement which would have prevented YOU from entering into

22  business arrangements with others to either make or license YOUR allegedly infringing

23  products.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

25      *Deny.*

26  / / /

27  / / /

28  / / /

GALE CORP'S RESP. TO GREENBERG TRAURIG, LLP'S REQUEST FOR ADMISSIONS, SET 1

1  **REQUEST FOR ADMISSION NO. 25**:

2      Admit that Kathleen Finnerty never recommended that YOU enter into a settlement

3  agreement which would have prevented YOU from entering into business arrangements

4  with others to either make or license YOUR allegedly infringing products.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

6      *Deny.*

7  **REQUEST FOR ADMISSION NO. 26**:

8      Admit that Greenberg Traurig, LLP, did not breach its fiduciary duty to you.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

10     *Deny.*

11 **REQUEST FOR ADMISSION NO. 27**:

12     Admit that Livingston & Mattesich Law Corporation did not breach its fiduciary duty

13 to you.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

15     *Deny.*

16 **REQUEST FOR ADMISSION NO. 28**:

17     Admit that Kathleen Finnerty did not breach her fiduciary duty to you.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

19     *Deny.*

20 **REQUEST FOR ADMISSION NO. 29**:

21     Admit that there was no policy of insurance in effect which provided coverage to

22 YOU in KAPUSTA V. GALE.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

24     *Responding party lacks sufficient information to either admit or deny this request.*

25 DATED:                          NOLEN ■ OWENS

26                          By:

27                                 Rudy Nolen
                                   Attorney for Defendant/Counterclaimant GALE
28                                 CORPORATION

# VERIFICATION

Greenberg Traurig, LLP v. Gale Corp., et al. (and related actions)
2:07-CV-01572-MCE-DAD
**Verification to Request for Admissions, Set One**
**(Propounded by Greenberg Traurig, LLP)**

      The undersigned hereby asserts as follows:

      I am an agent for **Gale Corp.**, which is party to the above entitled proceeding. I am familiar with the contents of the foregoing **Responses to Request for Admissions, Set One (Propounded by Greenberg Traurig, LLP)**. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on _____, 2008, at Sacramento, California.

                          ROBERT GALE

1    CASE NAME:    *GREENBERG TRAURIG, LLP v. GALE CORP*
        COURT:        UNITED STATES DISTRICT COURT - EASTERN DISTRICT OF

2                     CALIFORNIA
        CASE NO.:     CASE NO: 2:07-CV-01572-MCE-DAD

3
### PROOF OF SERVICE
4

5       I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 1501 28th Street, Sacramento, California 95816. I am over the age of 18 years and not a party to the above-entitled action.

6

7       On April 11, 2008, I caused the within **DEFENDANT/COUNTERCLAIMANT GALE CORPORATION'S RESPONSES TO PLAINTIFF/COUNTERDEFENDANT GREENBERG TRAURIG, LLP'S REQUEST FOR ADMISSIONS, SET ONE** to be

8 served as follows:

9   __XX__   **MAIL** –I am readily familiar with Nolen ■ Owens' practice for collection and processing of correspondence for mailing with the United States Postal Services.

10           Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is

11           placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at Sacramento, California at or before the close of each day's

12           business. (CCP Section 1013a(3).)ss

13   ____   **FACSIMILE** – On _____, by use of facsimile machine telephone number (916) 733-0601, I served a true copy of the aforementioned document(s) on the

14           parties in said action by transmitting by facsimile machine to the numbers as set forth above. The facsimile machine I used complied with California Rules of

15           Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e), I caused the machine to print a

16           transmission record of the transmission, a copy of which is attached to this Declaration.

17

18   ____   **PERSONAL SERVICE** – Delivered by hand to the addressee addressed as set forth below.

19   ____   **OVERNIGHT COURIER** – By causing a true copy and/or original thereof to be personally delivered via the following overnight courier service:

20

21       Attorney for Plaintiff
          Daniel V. Kohls

22           Kevin R. Culhane
          Brett Batchman

23           Hansen, Culhane, Kohls, Jones & Sommer, LLP

24           3001 Lava Ridge Court
          Roseville, CA 95661

25

26       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 5, 2008 at

27 Sacramento, California.

28                               JENNIFER FARIA