| | |
|---|---|
| 1 | DANIEL V. KOHLS (State Bar No. 167987) |
| | BRET N. BATCHMAN (State Bar No. 236311) |
| 2 | HANSEN, KOHLS, JONES, SOMMER & JACOB, LLP |
| | 3001 LAVA RIDGE COURT, SUITE 120 |
| 3 | ROSEVILLE, CALIFORNIA  95661 |
| | TELEPHONE: (916) 781-2550 |
| 4 | FACSIMILE: (916) 781-5339 |

Attorneys for Plaintiff/Counter-Defendant
GREENBERG TRAURIG, LLP, and Third-Party Defendants
LIVINGSTON & MATTESICH and KATHLEEN FINNERTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, a New York limited liability partnership, | Case No. 2:07-CV-01572  MCE DAD |
| Plaintiff, | **OPPOSITION TO GALE CORP'S MOTIONS IN LIMINE NOS. 2 AND 3:** |
| vs. | **MOTIONS TO DISMISS FOURTH AND SIXTH AFFIRMATIVE DEFENSES OF KATHLEEN FINNERTY AND LIVINGSTON & MATTESICH** |
| GALE CORP., a California corporation also known as GALE CORPORATION, | |
| Defendant, | Date: October 16, 2009 |
| _____/ | Time: 10:00 a.m. |
| AND RELATED COUNTER-CLAIM AND THIRD PARTY CLAIM. | Courtroom: 7 |
| | Judge: Hon. Morrison C. England, Jr. |
| _____/ | **Complaint Filed:** August 2, 2007 |

Greenberg Traurig, LLP ("GT"), Livingston & Mattesich ("L&M") and ("Finnerty") (together "counterdefendants") respectfully request that the Court deny Gale's Motions in Limine Nos. 2 and 3 regarding counterdefendants' affirmative defenses for unclean hands and comparative negligence.

Foremost, Gale has failed to produce any "admissible" evidence to support the motions. Secondarily, Gale admits that it refused settlement offers in the underlying case and required counterdefendants to defend the case "vigorously," yet now seeks to collect <u>all</u> paid attorneys' fees and costs suggesting that the case was too prolonged and the fees incurred were unnecessary.

**Doctrine of Unclean Hands**

"The defense of unclean hands arises from the maxim, 'He who comes into Equity must come with clean hands.'" (*Kendall-Jackson Winery, Ltd. v. Superior Court (E & J Gallo)*, 76 Cal.App.4th 970, 978 (2000) ("*Kendall-Jackson*"), quoting *Blain v. Doctor's Co.*, 222 Cal.App.3d 1048, 1059 (1990) ("*Blain*").)  "The doctrine demands that a plaintiff act fairly in the matter for which he seeks a remedy.  He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claims." (*Kendall-Jackson*, *supra*, citing *Precision Instrument*, 324 U.S. 806, 814-815 (1945).)

The unclean hands doctrine "protects the court's, rather than the opposing party's, interests" because "allowing a plaintiff with unclean hands to recover in an action creates doubts as to the justice provided by the judicial system." (*Kendall-Jackson*, *supra*, 76 Cal.App.4th at p. 978.)  The doctrine promotes justice "by making a plaintiff answer for his own misconduct in the action." (*Id.*)

The misconduct at issue need not be a crime or an actionable tort. (*Kendall-Jackson*, *supra*, at p. 979.)  And not every act of misconduct constitutes unclean hands. (*Id.*)  But "[a]ny conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine." (*Id.*)  Additionally, the misconduct must relate directly to the cause at issue – in other words, "it must relate directly to the very subject matter involved and affect the equitable relations between the litigants. [Citations.]" (*Id.*)  "The issue is not that the plaintiff's hands are dirty, but rather 'that the manner of dirtying renders inequitable the assertion of such rights against the defendant.'" (*Kendall-Jackson*, *supra*, 76 Cal.App.4th at p. 979, quoting *Mattco Forge, Inc. v. Arthur Young & Co.*, 52 Cal.App.4th 820, 846 (1997).)  "The misconduct must 'prejudicially affect the rights of the person against whom the relief is sought so that it would be inequitable to grant such relief.'" (*Id.*)

**Comparative Negligence**

Comparative negligence supercedes the "all or nothing" rule of contributory negligence, which bars all recovery when the plaintiff's negligent conduct contributes, as a legal cause, in any degree to the harm suffered by plaintiff. (*Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975).)  The

comparative negligence standard is a "general scheme of assessment of liability in proportion to fault." (*Id*. at 825.)

Furthermore, issues dealing with the comparative negligence and/or unclean hands of the parties have been found in many professional negligence cases, including legal malpractice matters. (*United Community Church v. Garcin*, 231 Cal.App.3d 327 (1991); *Blaine v. Doctor's Company*, 222 Cal.App.3d 1048 (1990).)

Gale has not provided any evidence to support its claim that counterdefendants' affirmative defenses for unclean hands and comparative negligence should be stricken.

As to the merits of the claim, Gale refused to negotiate settlement offers proposed by Kapusta at various times both before and after counterdefendants' representation. This conduct by Gale necessarily increased the amount of attorneys' fees and costs incurred in the litigation. Additionally, Gale instructed its attorneys to mount a scorched earth defense deeming the defense of Kapusta's infringement allegations a principled matter where money was only a secondary concern.

Thus, even if the Court was to find that Gale's conduct did not amount to unclean hands, it certainly bears some comparative responsibility for prolonging the litigation and demanding that its attorneys fight at all costs. For Gale now to claim (as an item of its damages) that it is entitled to all of the attorneys' fees and costs paid to counterdefendants is not in good faith and is unsupported by its conduct in this matter.

DATED: October 13, 2009

Respectfully submitted,

HANSEN, KOHLS, JONES, SOMMER
& JACOB, LLP

By:    /s/ Daniel V. Kohls
DANIEL V. KOHLS
BRET N. BATCHMAN
Attorneys for Third-Party Defendants
LIVINGSTON & MATTESICH and
KATHLEEN FINNERTY