1  Rudy Nolen, SBN 59808
   Stephen W. Owens, SBN 84859
2  **NOLEN ■ OWENS**
   1501 28TH Street
3  Sacramento, California  95816
   Telephone:  (916) 733-0600
4  Facsimile: (916) 733-0601

5

6  Attorney for Defendant
   GALE CORPORATION
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  GREENBERG TRAURIG, LLP, a New      ) CASE NO: 2:07-CV-01572-MCE-DAD
    York limited liability partnership, )
12                                      ) OPPOSITION TO THIRD PARTY
                      Plaintiff,        ) DEFENDANTS' MOTION IN LIMINE
13                                      ) NO. 2 TO EXCLUDE TESTIMONY OF
    vs.                                 ) ALAN KIRKPATRICH AND ILHAN
                                        ) GECHIL
14  GALE CORP., A California corporation )
    also known as GALE CORPORATION,    ) Date: October 16, 2009
15                                      ) Time: 10:00 a.m.
                      Defendant.        ) Courtroom: 7
16  ─────────────────────────────────── )
                                        )
17  AND RELATED COUNTERCLAIM and        )
    THIRD PARTY COMPLAINT.              )
18  ─────────────────────────────────── )

19

20                          I

21                     **INTRODUCTION**

22        Third party defendants Livingston & Mattesich and Kathleen Finnerty

23  (cumulatively L & M) have sough by motion in limine an order of this court to exclude

24  the testimony of two of Gale Corp's (Gale) expert witnesses, Alan J. Kirkpatrich and

25  Ilhan Gechil of Anderson Economic Group as to their opinions and conclusions

26  concerning the monetary amount of damages suffered by Gale as a result of the acts

27  alleged in this lawsuit.  Essentially, their argument reduced to its lowest common

28  denominator is that the conclusions and opinions reached by those individuals can be

1 | *refuted* by reference to facts outside their reports and must therefore be addressed at
2 | this time by the court.  There is no dispute as to the credentials and qualifications of the
3 | challenged experts nor is there any challenge that the reports do not adequately set
4 | forth the methodology employed by those experts in reaching their opinions and
5 | conclusions.  This exclusion is not permitted by the Federal Rules of Evidence and the
6 | applicable case law.

7 | **II**

8 | **APPLICABLE LAW**

9 | **A. Motions in Limine**

10 | L & M's request is made in the form of a motion *in limine*.  See 21 Charles A.
11 | Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5037.10 (2005).
12 | Federal Rule of Evidence103 empowers a court to make a "definitive ruling on the
13 | record admitting or excluding evidence, either at or before trial."  A pretrial motion *in*
14 | *limine* asks the court to decide the merits of introducing evidence without the benefit of
15 | the context of trial.  *Id.*; *United States v. Marino*, 200 F.3d 6, 11 (1999) (recognizing that
16 | evidence can be more accurately assessed in the context of other evidence).  Rule 103
17 | does not, however, require a court to rule on a motion *in limine*.  Wright & Graham at
18 | §5037.18.

19 | Regardless of a court's initial decision on a motion *in limine* it may revisit the
20 | issue at trial.  Federal Rule of Evidence 103 advisory committee note to 2000
21 | Amendment ("Even where the court's ruling is definitive, nothing in the amendment
22 | prohibits the court from revisiting the ruling hen the evidence is offered."); *Luce v.*
23 | *United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at
24 | trial, the district judge is free, in the exercise of sound judicial discretion, to alter a
25 | previous in limine ruling.") A "ruling on a motion *in limine* is essentially a preliminary
26 | opinion that falls entirely within the discretion of the district court."  *United States v.*
27 | *Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

28 | ///

**B. Federal Rules of Evidence**

Rules 702 through 705 control the Court's inquiry into whether an expert may

testify at trial in this case and the scope of that testimony. *Hangarter v. Provident Life*

*and Acc. Ins. Co.*, 373 F.3d 998, 1015-1016 (2004). A district court has broad

discretion in admitting expert testimony, and its decision will be sustained unless it is

manifestly erroneous. *Taylor v. Burlington N. R.R.*, 787 F. 2d 1309, 1315 (1986). The

Federal Rules permit wide latitude in the scope and substance of expert testimony.

**C. Substantive Law Does Not Permitting the Granting of This Motion**

Rule 702 places limits on the areas of expertise and the methodology of analysis

which may be covered and used by a expert witness. In response to *Daubert v. Merrell*

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Rule 702 was amended in 2002 to

better aid trial judges in assessing reliable expert testimony. *Daubert* established a

"gatekeeper" function for the trial court to act as the preliminary adjudicator of whether

or not the proffered evidence is admissible. Accordingly, the trial judge must act as a

"gatekeeper" to determine "whether the reasoning or methodology underlying the

testimony can properly be applied to the facts at issue. *Id.* at pp. 592-593. The

*Daubert* Court provided non-exclusive factors to aid trial judges in that determination,

including: (1) whether the scientific theory or technique can be (and has been tested);

(2) whether the theory or technique has been subjected to peer review and publication;

(3) whether there is a known or potential error rate; and (4) whether the theory or

technique is generally accepted in the relevant scientific community. *Id.*

As explained in *DSU Medical Corp. v. JMS Co, Ltd.*, 296 F. Supp.2d 1140

(2003), in cases involving non-scientific testimony, the district courts may consider the

*Daubert* factors in assessing the reliability of the proffered expert testimony, but they

are not limited to those factors to determine reliability. *Id.* at p. 1147. The district

courts, instead, have broad discretion in determining both how to assess reliability

whether reliability exists. The factors the Court should consider in deciding how to

make this determination will depend on the specific nature of the testimony to be

1 | presented and the facts of the particular case. *Id.* At least one court has noted that the

2 | Daubert factors may be particularly inapplicable in evaluating expert testimony of

3 | business transactions. *See ProtoComm Corp. v. Novell Adv. Servs., Inc.*, 171 F.

4 | Supp.2d 473, 477 (E. D. PA 2001).

5 | As made clear in *DSU Medical Corp., supra*, 296 F. Supp.2d 1140, 1147, the

6 | Court's function as a "gatekeeper" is not unbridled and unlimited.

7 | "Although trial judges enjoy broad discretion when

8 | determining the reliability of expert testimony, the

9 | 'gatekeeper' function is limited. In determining the

10 | evidentiary reliability, the trial judge is limited to considering

11 | the methodologies relied upon by the expert, not the

12 | conclusions reached by the expert. U.S. v. Bonds, 12 F.3d

13 | 540, 563 (6th Cir. 1993) (quoting U.S. v. Brown, 557 F.2d

14 | 541, 56 (6th Cir. 1977)). It is not the trial court;'s role to

15 | determine whether the expert's conclusions are actually

16 | correct. 4-702 Weinstein's Federal Evidence § 702.05. *The*

17 | *certainty of the scientific results are matters of weight for the*

18 | *jury. '[A] district court's gatekeeper role under Daubert is not*

19 | *intended to supplant the adversary system or the role of the*

20 | *jury*.' Maiz v. Virant, 253 F.3d 641, 666 (citations omitted).

21 | As well, the district court is not 'to make ultimate conclusions

22 | as to the persuasiveness of the proffered evidence.' Quiet

23 | Technology DC-8, Inc. v. Hurel-Dubois UK, Ltd., 326 F.3d

24 | 1333, 1341 (11th Cir. 2003), nor is it to 'transform a Daubert

25 | hearing into a trial on the merits.' Pipitone v. Biomatrix, Inc.,

26 | 288 F.3d 239, 250 (5th Cir. 2002). Its sole purpose is to

27 | determine the reliability of a particular expert opinion through

28 | a preliminary assessment of the methodologies underlying

1                the opinion.  Daubert, 509 U.S. 592-593, 113 S. Ct. 2786."

2                [Emphasis added].

3        Vigorous cross-examination, presentation of contrary evidence and careful

4 instruction on the burden of proof are the traditional and appropriate means of attacking

5 shaky but admissible evidence.  *Daubert*, 509 U.S. at p. 595.  Rule 703 does not

6 provide an excuse for an automatic challenge to the testimony of every expert.  *See*

7 *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1176 (1999).  When the parties'

8 experts rely upon conflicting facts, an expert may testify on his party's version of

9 disputed facts.  The proper way for a party to challenge an expert in such a situation is

10 through cross-examination of the expert.  *DSU Medical Corp.*, 296 F. Supp.2d at p.

11 1148.

12        L & M have assailed not the qualifications or the methodology employed by

13 Gale's experts on the issue of damages, instead attempting to attack the opinions

14 based upon the disputed facts, may of which are outside of the expert reports being

15 challenged.  Stated in slightly different fashion, they are seeking a judicial determination

16 by this court in the absence of the presentation of the evidence or the expert's basis for

17 his analysis.  This they cannot do.  As noted above, the well-established means to

18 mount such a challenge is through the time-tested means of cross-examination.  The

19 issue is one for the jury and not one to be decided on this motion.  The trial court's role

20 as a gatekeeper is not intended to serve as a replacement for the adversary system.

21 *U.S. v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078

22 (5th Cir. 1996).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1
## III

## CONCLUSION

For the above-stated reasons, this motion must be denied.


Dated: October 13, 2009                          NOLEN & OWENS


                                    By:      /s/ Rudy Nolen
                                             RUDY NOLEN
                                             Attorneys for Defendant/Counterclaimant
                                             Gale Corporation