Rudy Nolen, SBN 59808
Stephen W. Owens, SBN 84859
**NOLEN ■ OWENS**
1501 28TH Street
Sacramento, California 95816
Telephone: (916) 733-0600
Facsimile: (916) 733-0601

Attorney for Defendant
GALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, a New York limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>GALE CORP., A California corporation also known as GALE CORPORATION,<br><br>Defendant. | CASE NO: 2:07-CV-01572-MCE-DAD<br><br>OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EXHIBIT 1 TO REBUTTAL REPORT OF ALAN KIRKPATRICK<br><br>Date: October 16, 2009<br>Time: 10:00 a.m.<br>Courtroom: 7 |
| AND RELATED COUNTERCLAIM and THIRD PARTY COMPLAINT. | |

I

**INTRODUCTION**

Third party defendants Livingston & Mattesich and Kathleen Finnerty (cumulatively L & M) have sough by motion in limine an order of this court to exclude the damages calculation contained as Exhibit 1 to the Kirkpatrick rebuttal report submitted in response to the report of Gregory Leonard, third parties' retained expert witness. They have not sought to exclude or challenge the body of the report. L & M's only dispute is with the increase in damages set forth in the rebuttal report of Gale's expert as Exhibit 1.

II

APPLICABLE LAW

**A. Motions in Limine**

L & M's request is made in the form of a motion *in limine*. See 21 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5037.10 (2005). Federal Rule of Evidence103 empowers a court to make a "definitive ruling on the record admitting or excluding evidence, either at or before trial." A pretrial motion *in limine* asks the court to decide the merits of introducing evidence without the benefit of the context of trial. *Id.*; *United States v. Marino*, 200 F.3d 6, 11 (1999) (recognizing that evidence can be more accurately assessed in the context of other evidence). Rule 103 does not, however, require a court to rule of a motion *in limine*. Wright & Graham at §5037.18.

Regardless of a court's initial decision on a motion *in limine* it may revisit the issue at trial. Federal Rule of Evidence 103 advisory committee note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting the when the evidence is offered."); *Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") A "ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

III

**LEGAL ANALYSIS AND ARGUMENT**

L & M contends that in essence they have been "blindsided" by the contents of Exhibit 1 to the Kirkpatrick rebuttal report in that the exhibit goes beyond the scope of the opinions offered by Leonard in his report. The Leonard report concludes that Gale sustained no damages at all as a result of the malpractice of L & M. The balance of

Kirkpatrick's rebuttal report is directly addressed to the conclusions reached by Leonard.

When the initial report was prepared by Kirkpatrick, there had been an error in the computation of damages made in that report which then necessitated a revision of that report to correct the measure of damages. L & M seeks to enforce strict compliance with the requirements of various Federal Rules of Civil Procedure. What the argument overlooks, however, is that they have suffered no prejudice other than an increase in the amount of damages being claimed against them. This does not equate to prejudice. There have been no expert depositions taken in this case. L & M remains free to explore the basis for the contents of Exhibit 1 during deposition with Kirkpatrick. Since there have been no depositions taken and since Leonard has opined that there were no damages suffered by Gale, it can hardly be said that there had been any reliance on the original report of Kirkpatrick. While L & M claim that they were deprived of the opportunity to obtain a further expert opinion as to Exhibit 1, the original opinion of Leonard is that there were no damages whatsoever suffered by Gale as a result of their representation of Gale in the underlying litigation. Gale was either damaged or it was not. That is a "battle of the experts" which L & M correctly acknowledges must be reserved for trial of this action.

## IV

## CONCLUSION

For the above-stated reasons, this motion must be denied. To do otherwise would serve to deprive Gale of its full measure of damages which is properly a subject for resolution by the trier of fact.

Dated: October 13, 2009                                    NOLEN & OWENS


By:   /s/ Rudy Nolen
      RUDY NOLEN
      Attorneys for Defendant/Counterclaimant
      Gale Corporation

# DECLARATION OF RUDY NOLEN IN OPPOSITION TO MOTION IN LIMINE 3 TO EXCLUDE EXHIBIT 1 AND THE INFORMATION BASED UPON THAT EXHIBIT

1. I, Rudy Nolen, declare that I am an attorney at law duly licensed to practice before all courts of the State of California and admitted to practice before the above-entitled court. I am counsel of record for Gale Corporation and make this declaration of my own personal knowledge and if called as a witness I could competently testify thereto.

2. When the initial export of Alan Kirkpatrick was submitted, there had been an error in the calculation of damages performed by him. This necessitated the preparation of Exhibit 1 to the rebuttal report of Kirkpatrick to the report of Leonard submitted by third party defendants Livingston & Mattesich and Kathleen Finnerty.

3. There have been no expert depositions taken to date in this case.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 13th day of October 2009, at Sacramento, California.

By: /s/ Rudy Nolen
RUDY NOLEN