1  Rudy Nolen, SBN 59808
   Stephen W. Owens, SBN 84859
2  NOLEN ■ OWENS
   1501 28ᵀᴴ Street
3  Sacramento, California 95816
   Telephone: (916) 733-0600
4
   Attorneys for GALE CORP.
5

6  Daniel V. Kohls, SBN 167987
   Bret N. Batchman, SBN 236311
7  HANSEN, KOHLS, JONES, SOMMER & JACOB, LLP
   3001 Lava Ridge Court, Suite 120
8  Roseville, California 95661
   Telephone: (916) 781-2550
9
   Attorneys for LIVINGSTON & MATTESICH and KATHLEEN FINNERTY
10

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

14

| GREENBERG TRAURIG, LLP, a New York limited liability partnership, | Case No.: 2:07-CV-01572-MCE-DAD |
|---|---|
| Plaintiff, | **JOINT JURY VERDICT FORMS** |
| vs. | |
| GALE CORP., A California corporation also known as GALE CORPORATION, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM AND THIRD PARTY CLAIMS | |

23

24   Pursuant to the Final Pretrial Order dated October 22, 2009, the parties hereby file their

25   Joint Jury Verdict Forms as **Exhibits A and B.**

26   The parties inform the Court that there remains significant disagreement over the substance

27   of the Jury Verdict Forms. The parties contemplate requiring Court intervention to resolve the

28   matter on or very near the day that the case is presented to the jury. Written briefing will not likely

— 1 —

Joint Jury Verdict Forms

1 | be required.

3 | DATED: October 26, 2009                              NOLEN & OWENS

By: /s/ Rudy Nolen
    Rudy Nolen
    Attorney for Gale Corp.

DATED: October 26, 2009                              HANSEN, KOHLS, JONES & SOMMER, LLP

By: /s/ Daniel V. Kohls
    Daniel V. Kohls
    Attorneys for Livingston & Mattesich and
    Kathleen Finnerty

# EXHIBIT A

## LIVINGSTON & MATTESICH AND KATHLEEN FINNERTY'S
## PROPOSED JURY VERDICT FORM

1. Did Gale Corp. show, by a preponderance of the evidence, that in 2003 there was at least one substantial new question of patentability (meaning a question of patentability which was substantially different from all those raised in the previous examinations by the PTO) affecting any claim of the Kapusta patent?

   Yes _____     No _____

   If your answer to Question 1 is yes, answer Question 2. If your answer to Question 1 is no, skip the remaining questions and please sign, date, and return this form.

2. What substantial new questions of patentability affecting claims of the Kapusta patent existed in 2003?

   _____

   _____

   _____

   _____

   Answer Question 3.

3. Should the reexamination by the PTO have resulted in the claims of the Kapusta patent being confirmed?

   Yes _____     No _____

   If your answer to Question 3 is no, answer Question 4. If your answer to Question 3 is yes, skip the remaining questions and please sign, date, and return this form.

4. Should the reexamination by the PTO have resulted in the claims of the Kapusta patent being cancelled?

   Yes _____            No _____

   If your answer to Question 4 is yes, skip questions 5 and 6 and answer Question 7. If your answer to Question 4 is no, answer question 5.

5. Should the reexamination by the PTO have resulted in the claims of the Kapusta patent being narrowed?

   Yes _____            No _____

   If your answer to Question 5 is no, skip question 6 and answer Question 7. If your answer to Question 5 is yes, answer Question 6.

6. Which claims of the Kapusta patent should have been narrowed by the PTO?

   _____
   _____
   _____
   _____

   Answer Question 7.

7. How much would it have cost Gale Corp. to go through the re-examination process relating to the Kapusta patent?

   $_____

   Please sign, date and return this form.

(If the jury determines that Gale Corp. should have obtained a better result than it did, this portion of the verdict form can be provided.)

8.   a.   Was Livingston & Mattesich, A Law Corporation, negligent in its representation of Gale Corp.?

Yes _____          No _____

     b.   Was Kathleen Finnerty negligent in her representation of Gale Corp. before October 10, 2005?

Yes _____          No _____

If you answered yes to any part of question 8, then answer question 9. If you answered no to both parts of question 8, answer no further questions, and have the presiding juror date and sign this form and return it to the bailiff.

9.   For each yes answer in question 8, answer the following (leave blank those as to whom you answered no in question 8):

     a.   Was Livingston & Mattesich, A Law Corporation's negligence a substantial factor in causing harm to Gale Corp.?

Yes _____          No _____

     b.   Was Kathleen Finnerty's negligence before October 10, 2005, a substantial factor in causing harm to Gale Corp.?

Yes _____          No _____

If you answered yes to any part of question 9, then answer question 10. If you answered no to all parts of question 9, answer no further questions, and have the presiding juror date and sign this form and return it to the bailiff.

10. What are Gale Corp.'s total damages? Do not reduce the damages based on the fault, if any, of Gale Corp. or others.

   a. Lost profits as a result of acts or omissions of Livingston & Mattesich or Kathi Finnerty before October 10, 2005:

   $_____

   b. Unnecessary Legal Fees Paid to Livingston & Mattesich:

   $_____

   **TOTAL** (add 10a. and 10b.)    $_____

If you answer Question 10 "TOTAL" with anything other than "$0.00", answer question 11. If Gale Corp. has not proved any damages, then stop here, answer no further questions, and have the presiding juror sign and date this form and return it to the bailiff.

11. Did Gale Corp. act as a reasonably careful corporation would have acted in the same situation?

   Yes _____    No _____

If your answer to question 11 is no, then answer question 12. If your answer to question 11 is yes, skip question 12 and answer question 13.

12. Was Gale Corp.'s failure to act as a reasonably careful corporation would have acted in the same situation a substantial factor in causing it harm?

   Yes _____    No _____

Answer question 13.

13. What percentage of responsibility for Gale Corp.'s harm do you assign to the following? Insert a percentage for only those who received "yes" answers in question 7, and insert a percentage for Gale Corp. Only if you answered question 12 yes.

| | |
|---|---|
| Gale Corp. | _____% |
| Kathleen Finnerty (before 10/05) | _____% |
| Livingston & Mattesich | _____% |

Answer question 14.

14. Did Gale Corp. know, or should it have known, before September 4, 2006, the facts constituting Livingston & Mattesich's acts or omissions to act?

   Yes _____          No _____

Please have the presiding juror sign and date this form and return it to the bailiff.


Date: November ___, 2009         _____
                                 Signature of Presiding Juror

# EXHIBIT B

*Greenberg Traurig, LLP v. Gale Corp.*, Case No.: 2:07-CV-01572-MCE-DAD: Jury Verdict Form

# Gale Corp.'s Proposed
# Jury Verdict Form

### Question #1:

What was the standard of care that Ms. Finnerty and Livingston & Mattesich owed to Gale Corp.?

    a.    To perform as an ordinarily skilled trial attorney   _____

    b.    To perform as a patent litigation specialist   _____

### Question #2

Has Gale Corp. shown that it is more likely than not that its product does not infringe any claim of U.S. Patent 6,043,663?

    Yes _____      No _____

### Question #3

Has Gale Corp. proven by a preponderance of the evidence that Ms. Finnerty or Livingston & Mattesich breached the standard of care that you found applicable in Question #1 above?

    Yes _____      No _____

If you answered "yes" to Question #3 please continue. If you answered "no" please stop, sign below, and contact the courtroom deputy.

### Question #4

Did Gale Corp. know, or should it have known, the facts constituting Ms. Finnerty or Livingston & Mattesich's negligent acts or omissions before September 4, 2006?

    Yes _____      No _____

If you answered "no" to Question #4 please continue. If you answered "yes" please stop, sign below, and contact the courtroom deputy.

## Question #5

Was Ms. Finnerty or Livingston & Mattesich's negligence a substantial factor in causing harm to Gale Corp.?

Yes _____    No _____

If you answered "yes" to Question #5 please continue. If you answered "no" please stop, sign below, and contact the courtroom deputy.

## Question #6

Did Gale Corp. contribute to the harm that it suffered?

Yes _____    No _____

If yes, what percentage of responsibility for Gale Corp.'s harm do you assign to Gale Corp.?  _____%

## Question #7

What damages, if any, did Gale Corp. show that it more likely than not suffered as a result of Ms. Finnerty or Livingston & Mattesich's negligence? Do not reduce the damages based on the fault, if any, of Gale Corp.

a.  The reasonable value of the lost business opportunities that Gale Corp. could have entered into but for Ms. Finnerty or Livingston & Mattesich's negligence:

$_____

b.  The unnecessary legal fees, if any, that Gale Corp. paid to Livingston & Mattesich:

$_____

c.  The legal fees Gale Corp. incurred in the underlying Kapusta case to remedy Ms. Finnerty or Livingston & Mattesich's negligence, if any:

$_____

    d.    The cost of the license Gale entered into with Kapusta to settle the Kapusta case.

$ _____

**TOTAL** (add 7a. through 8d.)    $ _____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date: November ____, 2009    _____
                                          Signature of Presiding Juror