Rudy Nolen, SBN 59808
Stephen W. Owens, SBN 84859
**NOLEN # OWENS**
1501 28TH Street
Sacramento, California 95816
Telephone: (916) 733-0600
Facsimile: (916) 733-0601

Attorneys for Defendant and Counterclaimant
GALE CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, a New York limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>GALE CORP., A California corporation also known as GALE CORPORATION,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM AND THIRD PARTY CLAIMS | Case No.: 2:07-CV-01572-MCE-DAD<br><br>**SUPPLEMENTAL BRIEF OPPOSING MOTION IN LIMINE #1 FILED BY LIVINGSTON & MATTESICH AND KATHLEEN FINNERTY** |

Gale Corp. ("Gale") respectfully submits this supplemental brief to address Livingston & Mattesich ("L&M") and Kathleen Finnerty's Motion In Limine #1 on the issue of whether federal or state law applies when the Court considers evidentiary matters.

**I.   Argument**

   A.   <u>Diversity does not exist</u>

All the parties remaining in this action are California citizens.[1] The Court's jurisdiction, therefore, cannot be based on diversity.

---

[1] Each admits California citizenship. See Dkt. 6 at Answer ¶4 and at Third-Party Complaint ¶2 (Gale Answer and Third-Party Complaint), Dkt. 10 at ¶¶3,5,6 (Finnerty Answer), and Dkt. 11 at ¶¶3,5,6 (L&M Answer).

– 1 –

A case falls within a federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State. 28 U.S.C. §1332(a)(2); *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990); *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1126 (E.D. Cal., 2004).

Diversity <u>was lost</u> when Gale joined California citizens L&M and Finnerty as third-party defendants under Rules 14 and 20. The presence of these nondiverse parties automatically <u>destroyed</u> the Court's diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal."). Neither those parties nor then-plaintiff Greenberg Traurig LLP asserted misjoinder.

No party can waive a jurisdictional defect nor consent to jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982). No court can ignore the defect either; rather a court, noticing the defect, must raise the matter on its own. *Id.*

Regardless of what the parties asserted in their pleadings or in their Joint Pretrial Statement about the Court's jurisdiction, the reality of the situation controls. Because diversity does not exist among the parties, this Court's jurisdiction cannot be based on diversity.

### B. A federal question exists

This action asserts claims of legal malpractice and breach of fiduciary duty relating to the defendants' alleged mishandling of a patent infringement lawsuit. See Dkt. 6.

#### (i) The applicable rule

The applicable rule is that a federal court has federal question jurisdiction when "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded complaints." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809 (1988); 28 USC §1338 (federal courts have exclusive jurisdiction over "any civil action under any Act of Congress relating to patents … ."). Under controlling law, the Court's jurisdiction to hear this case is based on the latter. That jurisdiction is <u>exclusive</u>—i.e., this malpractice case could not be heard in state court.

(ii) <u>Decisions of the Court of Appeals for the Federal Circuit control</u>

The Court of Appeals for the Federal Circuit has exclusive jurisdiction over all appeals from district court judgments that resolve patent law claims. 28 U.S.C. §1295 (the Federal Circuit has exclusive jurisdiction over appeals if the jurisdiction of the district court "was based, in whole or in part, relating to patents" and over appeals from decisions "of the Board of Patent Appeals and Interferences … with respect to patent applications and interferences."). See also *Christianson v. Colt,* 486 U.S. at 814.

Federal Circuit law governs all issues within its exclusive jurisdiction. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1303 (Fed. Cir., 2001). Whether federal patent law <u>preempts</u> other federal or state law claims is decided based on Federal Circuit law, not regional circuit law. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1360-61 (Fed. Cir., 1999). Federal Circuit decisions relating to patent law, and patent law-related claims, are unquestionably binding <u>precedent</u> on federal district courts.

The Federal Circuit has held that **legal malpractice claims relating to alleged negligence during patent litigation and during patent prosecution both "arise under" federal patent law** because in both instances substantive questions of patent law are involved. *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262 (Fed. Cir., 2007) (Patent litigation malpractice claims arise under federal patent law); *Immunocept, LLC v. Fulbright & Jaworski, LLP,* 504 F.3d 1281 (Fed. Cir., 2007) (Patent prosecution malpractice claims arise under federal patent law).

Because those claims arise under patent law, federal courts have <u>exclusive</u> jurisdiction over patent litigation malpractice claims. *Id.* A California court agrees. *Lockwood v. Sheppard, Mullin, Richter & Hampton* (2009) 173 Cal.App.4th 675 (California state courts lack subject matter jurisdiction over legal malpractice claims relating to patent reexamination and patent litigation matters).

While federal courts look to state negligence law for <u>the elements</u> of a legal malpractice claim, when such claims involve patent law matters, federal district courts have exclusive jurisdiction under 28 USC section 1338 because those claims "arise under" patent law. When

– 3 –

exercising that jurisdiction, federal courts must follow Federal Circuit law (and, ultimately, U.S. Supreme Court decisions).[2] This requires courts to apply that law when addressing "both substantive and <u>procedural issues</u> intimately involved in the substance of enforcement of the patent right.") *Advanced Cardiovascular*, 265 F.3d at 1303 (quotation omitted and emphasis added).

Gale's action <u>could not</u> have been brought in state court because federal courts have exclusive jurisdiction over patent litigation malpractice actions. In short, patent litigation malpractice claims arise under federal law, and are **federal** law claims, because "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." *Christianson v. Colt,* 486 U.S. at 809. There simply is <u>no</u> controlling state evidence law that applies—or can apply—when a federal court adjudicates a patent litigation malpractice claim.[3] Federal patent law preempts the claim.

### C. Application of Federal Law To This Case

It is black letter law that "federal courts are to apply state-substantive law and federal procedural law." *Hanna v. Plumer,* 380 U.S. 460, 465 (1965); Fed. R. Evid. 101 ("These rules govern proceedings in the courts of the United States … to the extent and with the exceptions stated in rule 1101.").

Who can testify at trial, who can qualify as an expert, and who can say what to the jury are all procedural questions that federal courts handle routinely through the Federal Rules of Evidence.[4] There is <u>no</u> exception to those much-applied rules when the claim being tried is a legal

---

[2] *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002) does not compel a different result. In *Holmes*, the Supreme Court clarified that whether a claim arises under an act "relating to patents" must be determined solely on the basis of the complaint and not on any counterclaims, compulsory or otherwise. *Id.* In this case, the Court is adjudicating the third-party complaint that Gale filed against L&M and Finnerty. The patent law issues before the Court derive from <u>that</u> complaint—not from any of Gale's now-dismissed affirmative defenses or counterclaims to the now-dismissed Greenberg Traurig LLP complaint.

[3] See also *In re Spaulding SportsWorldwide, Inc.*, 203 F.3d 800, 803-04 (Fed. Cir., 2000) (applying Federal Circuit law to a question of attorney-client privilege between patentee and patent attorney).

[4] Please see Gale's Opposition to L&M's Motion in Limine #1 (Dkt. 79).

– 4 –

malpractice claim. From the very outset, therefore, defendants must shoulder a heavy burden to persuade the Court to disregard the Federal Rules and to apply California procedural law when considering evidentiary issues in this case. No rationale for that shift of law has been offered.

But even if such a rationale exists, Gale's patent litigation malpractice claim is a federal law claim—which is the <u>only</u> reason this case remains in this Court—and so looking to state law for procedural rules violates the *Eerie* doctrine and impermissibly shuns the Federal Rules.

The specific issue before the Court directly involves patent law. The defendants' motion in limine seeks to prohibit Gale's experts from testifying that, in their opinion, the Patent Office "would have" initiated a reexamination of the patent being asserted in the underlying case, that there was a "high likelihood" the Patent Office would have narrowed or cancelled those patent's claims, and that the court hearing the underlying patent infringement case would "very likely" have stayed it pending the patent's reexamination.[5]

There can be no doubt that these expert opinions involve substantive patent law. Because they do, federal law controls the question of whether those opinions may be offered to the jury. *Advanced Cardiovascular*, 265 F.3d at 1303 (district courts must apply federal law when addressing "both substantive and <u>procedural issues</u> intimately involved in the substance of enforcement of the patent right.") (quotation omitted and emphasis added). The Federal Rules of Evidence, and the federal case law applying those Rules, are, therefore, controlling.[6]

Respectfully Submitted,

**NOLEN # OWENS**

DATED: October 27, 2009                By:  /s/  Rudy Nolen
                                              Rudy Nolen
                                              Attorney for Gale Corp.

---

[5] All are quotes from Gale's experts' reports. See L&M's Motion in Limine #1 (Dkt. 73) at Exh. A at pp. 1-3 (Brisson Expert Report) and Exh. B at pp. 10-12 (Beck Expert Report).

[6] Gale refers the Court to the <u>directly-on-point</u> federal case law, statutes, and Federal Rules and commentary discussed in Gale's Opposition to L&M's Motion in Limine #1 (Dkt. 79).