DANIEL V. KOHLS (State Bar No. 167987)
BRET N. BATCHMAN (State Bar No. 236311)
HANSEN, KOHLS, JONES, SOMMER & JACOB, LLP
3001 LAVA RIDGE COURT, SUITE 120
ROSEVILLE, CALIFORNIA 95661
TELEPHONE: (916) 781-2550
FACSIMILE: (916) 781-5339

Attorneys for Third-Party Defendants
LIVINGSTON & MATTESICH and
KATHLEEN FINNERTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, a New York limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>GALE CORP., a California corporation also known as GALE CORPORATION,<br><br>Defendant, | Case No. 2:07-CV-01572 MCE DAD<br><br>**THIRD PARTY DEFENDANTS LIVINGSTON & MATTESICH LAW CORPORATION AND KATHLEEN FINNERTY'S SUPPLEMENTAL BRIEFING RE MOTION IN LIMINE NO. 1:**<br><br>**MOTION TO PRECLUDE ULTIMATE ISSUE TESTIMONY BY GALE CORP.'S EXPERTS** |
| AND RELATED COUNTER-CLAIM AND THIRD PARTY CLAIM. | Complaint Filed: **August 2, 2007**<br><br>Trial Date: **November 2, 2009** |

I.

**INTRODUCTION**

Gale Corp. contends, for the very first time, that the District Court's jurisdiction over this case is not based upon diversity, but is rather based upon federal question. Noting the potential effect this contention, if true, would have on the admissible evidence in this case, the District Court sagely requested further briefing. While Gale Corp.'s contention is not entirely without foundation, it is off the mark.

///

## II.

## JURISDICTION IS DETERMINED ONCE – WHEN THE COMPLAINT IS FILED, **NOT** WHEN THE COUNTERCLAIM IS FILED

The pertinent question is: does the District Court in this case have federal question jurisdiction (in which case the Federal Rules of Evidence would allow ultimate opinion testimony by experts) or does it have diversity jurisdiction (in which case state law evidentiary rules preclude such testimony by experts)?[1] The answer to this question is found in a single sentence written by our Supreme Court: **"[a] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction."** (*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002), bold-type added.) In *Holmes*, a household fan manufacturer sought declaratory relief that it did not infringe a competitor's trade dress. (*Id.* at 828.) The competitor answered and filed a counterclaim for patent infringement. (*Id.*) The Court found that there could not be federal question jurisdiction over the case because the complaint did not allege a claim arising under federal patent law. The fact that the counterclaim alleged patent law claims was insufficient to establish jurisdiction. (*Id.* at 831.)

The Court stated that the well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of 28 U.S.C. §1131 (the statute conferring general federal question jurisdiction). (*Id.* at 829.) The Court noted that a federal question raised in an answer, even if it was anticipated by the plaintiff, cannot suffice to establish federal question jurisdiction: "It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." (*Id.* at 831.)

---

[1] In diversity cases, where a state evidentiary rule is "intimately bound up" with the rights and obligations being asserted, we use state evidentiary rules, not the Federal Rules of Evidence. (*Wray v. Gregory*, 61 F.3d 1414, 1417-1418 (9th Cir. 1995); *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).) Thus, as Judge Wanger noted in another recent professional negligence case, to the extent that the state evidentiary rule defines what is sought to be proved (in this case, whether a better result should have been obtained) it is binding on the federal court under *Erie* principles. (*Allen v. Woodford*, 2006 WL 1748587, p. 21 (E.D. Cal. 2006, District Judge Wanger) citing *D'Orio v. West Jersey Health Services*, 797 F.Supp. 371, 376 (D.N.J. 1992).)

The counterclaimant in *Holmes* makes the exact argument made by Gale Corp. here. The fact that Gale's counterclaim against third party defendants raises issues of federal patent law does not matter. That argument was rejected by the United States Supreme Court, and it is *stare decisis* here.

The rule that federal courts limit their subject matter jurisdiction to matters raised in the complaint, without reference to the answer *or the counterclaim,* establishes clearly and at the earliest possible time whether federal subject matter jurisdiction exists. (Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROF. BEFORE TRIAL (The Rutter Group 2009), § 2;117, p. 2B-52, citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 11-12 (1983).) The effect of this rule is to make the plaintiff – and not the counterclaimant – the master of the claim. "Plaintiff generally may *avoid* federal jurisdiction by exclusive reliance on state law." (Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROF. BEFORE TRIAL (The Rutter Group 2009), § 2;117, p. 2B-52, italics in original, citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).) That is exactly what happened here. Greenberg Traurig, LLP, advanced four *state law* claims in its Complaint filed on August 2, 2007. It makes absolutely no difference that the "plaintiff" in this case (Greenberg Traurig, LLP) is no longer a party to the case; the *only* time for determining jurisdiction was on August 2, 2007, when the Complaint was filed. (*Grupo Dataflux v. Atlas Global Group, LP*, 541 US 567, 571 (2004).) Even after the original basis for diversity jurisdiction terminates, such jurisdiction continues. (See *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980) [where plaintiff settled claim which established diversity jurisdiction, court retained diversity jurisdiction over non-diverse third-party claim].)

In summary, "once a diversity case, always a diversity case."

### III.

### CONCLUSION

There was no federal question jurisdiction over this case on August 2, 2007, there has never been federal question jurisdiction over this case, and there is no federal question jurisdiction over this case now. This is and has always been a diversity jurisdiction case; Gale

1  Corp. had conceded so from August 2, 2007, until October 22, 2009; and the District Court has
2  determined such as a part of its Final Pre-Trial Order. There is no legal basis to change that
3  status now. As a diversity case, substantive law of the state prevails, and the motion *in limine*
4  seeking to preclude Gale Corp.'s experts from testifying as to the probable, likely, or certain
5  outcome of underlying proceedings must be granted.

6  DATED: October 27, 2009

Respectfully submitted,

HANSEN, KOHLS, JONES, SOMMER
& JACOB, LLP

By:    /s/ Daniel V. Kohls
DANIEL V. KOHLS
BRET N. BATCHMAN
Attorneys for Third-Party Defendants
LIVINGSTON & MATTESICH and
KATHLEEN FINNERTY

Westlaw

122 S.Ct. 1889 Page 1
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

▷

Supreme Court of the United States
The HOLMES GROUP, INC., Petitioner,
v.
VORNADO AIR CIRCULATION SYSTEMS, INC.
No. 01-408.

Argued March 19, 2002.
Decided June 3, 2002.

Household fan manufacturer sought declaratory judgment that it did not infringe competitor's trade dress, and competitor filed counterclaim for patent infringement. The United States District Court for the District of Kansas, Wesley E. Brown, Senior District Judge, entered judgment in favor of manufacturer, and competitor appealed. The United States Court of Appeals for the Federal Circuit, 13 Fed.Appx. 961, vacated and remanded, and certiorari was granted. The Supreme Court, Justice Scalia, held that Federal Circuit did not have appellate jurisdiction over case in which complaint did not alleged claim arising under federal patent law, but answer contained patent-law counterclaim.

Vacated and remanded with instructions.

Justice Stevens filed opinion concurring in part and concurring in judgment.

Justice Ginsburg filed opinion concurring in judgment in which Justice O'Connor joined.

West Headnotes

**[1] Federal Courts 170B ⬤⇒1137**

170B Federal Courts
   170BXIII Concurrent and Conflicting Jurisdiction and Comity as Between Federal Courts
      170Bk1131 Exclusive or Concurrent Jurisdiction
         170Bk1137 k. Patents and Copyrights. Most Cited Cases
Federal Circuit did not have appellate jurisdiction over case in which complaint did not allege claim arising under federal patent law, but answer contained patent-law counterclaim. 28 U.S.C.A. §§ 1295(a)(1), 1338(a).

**[2] Federal Courts 170B ⬤⇒1137**

170B Federal Courts
   170BXIII Concurrent and Conflicting Jurisdiction and Comity as Between Federal Courts
      170Bk1131 Exclusive or Concurrent Jurisdiction
         170Bk1137 k. Patents and Copyrights. Most Cited Cases
The Federal Circuit's jurisdiction is fixed with reference to that of the district court, and turns on whether the action arises under federal patent law. 28 U.S.C.A. §§ 1295(a)(1), 1338(a).

**[3] Federal Courts 170B ⬤⇒209.1**

170B Federal Courts
   170BIII Federal Question Jurisdiction
      170BIII(C) Cases Arising Under Laws of the United States
         170Bk209 Patent Laws
            170Bk209.1 k. In General. Most Cited Cases
Linguistic consistency requires Supreme Court to apply the same test to determine whether a case arises under patent law for purposes of statute giving district courts original jurisdiction over patent case as under statute conferring general federal-question jurisdiction. 28 U.S.C.A. §§ 1331, 1338(a).

**[4] Federal Courts 170B ⬤⇒241**

170B Federal Courts
   170BIII Federal Question Jurisdiction
      170BIII(D) Pleading
         170Bk241 k. Allegations in Pleadings in General. Most Cited Cases

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889                                                                                      Page 2
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily
Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

The well-pleaded-complaint rule provides that whether a case "arises under" patent law for purposes of statute giving district courts original jurisdiction over any civil action arising under any federal patent statute must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration. 28 U.S.C.A. § 1338(a).

**[5] Federal Courts 170B ⇐241**

170B Federal Courts
    170BIII Federal Question Jurisdiction
        170BIII(D) Pleading
            170Bk241 k. Allegations in Pleadings in General. Most Cited Cases
For case to "arise under" federal patent law, for purposes of statute giving district courts original jurisdiction over any civil action arising under a federal patent statute, the plaintiff's well pleaded complaint must establish either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law. 28 U.S.C.A. § 1338(a).

**[6] Federal Courts 170B ⇐241**

170B Federal Courts
    170BIII Federal Question Jurisdiction
        170BIII(D) Pleading
            170Bk241 k. Allegations in Pleadings in General. Most Cited Cases
Well-pleaded-complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction, for purposes of statute giving district courts original jurisdiction over any civil action arising under a federal patent statute. 28 U.S.C.A. § 1338(a).

**[7] Federal Courts 170B ⇐241**

170B Federal Courts
    170BIII Federal Question Jurisdiction
        170BIII(D) Pleading
            170Bk241 k. Allegations in Pleadings in General. Most Cited Cases
Counterclaim, which appears as part of the defendant's answer, not as part of the plaintiff's complaint, cannot serve as the basis for "arising under" jurisdiction, for purposes of statute giving district courts original jurisdiction over any civil action arising under a federal patent statute. 28 U.S.C.A. § 1338(a).

**[8] Federal Courts 170B ⇐241**

170B Federal Courts
    170BIII Federal Question Jurisdiction
        170BIII(D) Pleading
            170Bk241 k. Allegations in Pleadings in General. Most Cited Cases
Since the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court.

**[9] Federal Courts 170B ⇐1137**

170B Federal Courts
    170BXIII Concurrent and Conflicting Jurisdiction and Comity as Between Federal Courts
        170Bk1131 Exclusive or Concurrent Jurisdiction
            170Bk1137 k. Patents and Copyrights. Most Cited Cases
Statutes giving Federal Circuit appellate jurisdiction over cases "arising under" federal patent laws did not confer exclusive appellate jurisdiction on the Federal Circuit whenever a patent-law counterclaim was raised. 28 U.S.C.A. §§ 1295(a)(1), 1338(a).

**[10] Federal Courts 170B ⇐1137**

170B Federal Courts
    170BXIII Concurrent and Conflicting Jurisdiction and Comity as Between Federal Courts
        170Bk1131 Exclusive or Concurrent Jurisdiction
            170Bk1137 k. Patents and Copyrights. Most Cited Cases

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889    Page 3
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

Not all cases involving a patent-law claim fall within the Federal Circuit's jurisdiction. 28 U.S.C.A. § 1295(a)(1).

**\*\*1891 \*826 Syllabus** [FN*]

FN* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

Petitioner filed a federal-court action, seeking, *inter alia,* a declaratory judgment that its products did not infringe respondent's trade dress and an injunction restraining respondent from accusing it of such infringement. Respondent's answer asserted a compulsory patent-infringement counterclaim. The District Court ruled in petitioner's favor. Respondent appealed to the Federal Circuit, which, notwithstanding petitioner's challenge to its jurisdiction, vacated the District Court's judgment and remanded the case.

*Held:* The Federal Circuit cannot assert jurisdiction over a case in which the complaint does not allege a patent-law claim, but the answer contains a patent-law counterclaim. Pp. 1892-1895.

(a) The Federal Circuit's jurisdiction is fixed with reference to that of the district court, 28 U.S.C. § 1295(a)(1), and turns on whether the action is one "arising under" federal patent law, § 1338(a). Because § 1338(a) uses the same operative language as § 1331, which confers general federal-question jurisdiction, the well-pleaded-complaint rule governing whether a case arises under § 1331 also governs whether a case arises under § 1338(a). As adapted to § 1338(a), the rule provides that whether a case arises under patent law is determined by what appears in the plaintiff's well-pleaded complaint. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811. Because petitioner's well-pleaded complaint asserted no claim arising under patent law, the Federal Circuit erred in asserting jurisdiction over this appeal. Pp. 1892-1893.

(b) The well-pleaded-complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. To rule otherwise would contravene the face-of-the-complaint principle set forth in this Court's prior cases, see, *e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318, and the longstanding policies furthered by that principle: It would leave acceptance or rejection of a state forum to the master of the counterclaim rather than to the plaintiff; it would radically expand the class of removable cases; and it would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine. Pp. 1893-1894.

**\*827** c) As for respondent's alternative argument, that reading §§ 1295(a)(1) and 1338(a) to confer appellate jurisdiction on the Federal Circuit whenever a patent-law counterclaim is raised is necessary to effectuate Congress's goal of promoting patent-law uniformity: This Court's task is not to determine what would further Congress's goal, but to determine what the statute's words must fairly be understood to mean. It would be impossible to say that § 1338(a)'s "arising under" language means the well-pleaded-complaint rule when read on its own, but respondent's complaint-or-counterclaim rule when referred to by § 1295(a)(1). Pp. 1894-1895.

13 Fed.Appx. 961, vacated and remanded.

SCALIA, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and KENNEDY, SOUTER, THOMAS, and BREYER, JJ., joined, and in which STEVENS, J., joined as to Parts I and II-A. STEVENS, J., filed an opinion concurring in part and concurring in the **\*\*1892** judgment, *post,* p. 1895. GINSBURG, J., filed an opinion concurring in the judgment, in which O'CONNOR, J., joined, *post,* p. 1898.
James W. Dabney, New York City, for petitioner.

Peter W. Gowdey, Washington, DC, for respondent.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

For U.S. Supreme Court briefs, see:2002 WL 24105 (Pet.Brief)2002 WL 225890 (Resp.Brief)2002 WL 417307 (Reply.Brief)

Justice SCALIA delivered the opinion of the Court.

In this case, we address whether the Court of Appeals for the Federal Circuit has appellate jurisdiction over a case in which the complaint does not allege a claim arising under federal patent law, but the answer contains a patent-law counterclaim.

I

Respondent, Vornado Air Circulation Systems, Inc., is a manufacturer of patented fans and heaters. In late 1992, *828 respondent sued a competitor, Duracraft Corp., claiming that Duracraft's use of a "spiral grill design" in its fans infringed respondent's trade dress. The Court of Appeals for the Tenth Circuit found for Duracraft, holding that Vornado had no protectable trade-dress rights in the grill design. See *Vornado Air Circulation Systems, Inc. v. Duracraft Corp.,* 58 F.3d 1498 (1995) *(Vornado I).*

Nevertheless, on November 26, 1999, respondent lodged a complaint with the United States International Trade Commission against petitioner, The Holmes Group, Inc., claiming that petitioner's sale of fans and heaters with a spiral grill design infringed respondent's patent and the same trade dress held unprotectable in *Vornado I.* Several weeks later, petitioner filed this action against respondent in the United States District Court for the District of Kansas, seeking, *inter alia,* a declaratory judgment that its products did not infringe respondent's trade dress and an injunction restraining respondent from accusing it of trade-dress infringement in promotional materials. Respondent's answer asserted a compulsory counterclaim alleging patent infringement.

The District Court granted petitioner the declaratory judgment and injunction it sought. 93 F.Supp.2d 1140 (Kan.2000). The court explained that the collateral-estoppel effect of *Vornado I* precluded respondent from relitigating its claim of trade-dress rights in the spiral grill design. It rejected respondent's contention that an intervening Federal Circuit case, *Midwest Industries, Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356 (C.A.Fed.1999), which disagreed with the Tenth Circuit's reasoning in *Vornado I,* constituted a change in the law of trade dress that warranted relitigation of respondent's trade-dress claim. The court also stayed all proceedings related to respondent's counterclaim, adding that the counterclaim would be dismissed if the declaratory judgment and injunction entered in favor of petitioner were affirmed on appeal.

*829 Respondent appealed to the Court of Appeals for the Federal Circuit. Notwithstanding petitioner's challenge to its jurisdiction, the Federal Circuit vacated the District Court's judgment, 13 Fed.Appx. 961 (C.A.Fed.2001), and remanded for consideration of whether the "change in the law" exception to collateral estoppel applied in light of *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001), a case decided after the District Court's judgment which resolved a Circuit split involving *Vornado I* and *Midwest Industries.* We granted certiorari to consider whether the Federal Circuit properly asserted jurisdiction over the appeal. 534 U.S. 1016, 122 S.Ct. 510, 151 L.Ed.2d 418 (2001).

II

[1][2] Congress vested the Federal Circuit with exclusive jurisdiction over "an **1893 appeal from a final decision of a district court of the United States ... if the jurisdiction *of that court* was based, in whole or in part, on [28 U.S.C. § ] 1338 ... ." 28 U.S.C. § 1295(a)(1) (emphasis added). Section 1338(a), in turn, provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents ... ." Thus, the Federal Circuit's jurisdiction is fixed with reference to that of the district court, and turns on whether the action

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889												Page 5
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

arises under federal patent law. [FN1]

> FN1. Like *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 814-815, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), this case does not call upon us to decide whether the Federal Circuit's jurisdiction is fixed with reference to the complaint as initially filed or whether an actual or constructive amendment to the complaint raising a patent-law claim can provide the foundation for the Federal Circuit's jurisdiction.

[3] Section 1338(a) uses the same operative language as 28 U.S.C. § 1331, the statute conferring general federal-question jurisdiction, which gives the district courts "original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." (Emphasis added.) We said in **\*830***Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), that "[l]inguistic consistency" requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331.

[4][5] The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331.[FN2] See, *e.g., Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) *(per curiam).* As "appropriately adapted to § 1338(a)," the well-pleaded-complaint rule provides that whether a case "arises under" patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration ... ." *Christianson,* 486 U.S., at 809, 108 S.Ct. 2166 (internal quotation marks omitted). The plaintiff's well-pleaded complaint must "establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law ... ." *Ibid.* Here, it is undisputed that petitioner's well-pleaded complaint did not assert any claim arising under federal patent law. The Federal Circuit therefore erred in asserting jurisdiction over this appeal.

> FN2. The well-pleaded-complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a), which provides in relevant part:
>
> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."
>
> See *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

A

[6] Respondent argues that the well-pleaded-complaint rule, properly understood, allows a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. We disagree.

[7] **\*831** Admittedly, our prior cases have only required us to address whether a federal defense, rather than a federal counterclaim, can establish "arising under" jurisdiction. Nevertheless, those cases were decided on the principle that federal jurisdiction generally exists "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added). As we said in *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), **\*\*1894** whether a case arises under federal patent law "cannot depend upon the answer." Moreover, we have declined to adopt proposals that "the answer

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

Page 6

as well as the complaint ... be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ... ." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citing American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1312, pp. 188-194 (1969)). It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction. See, *e.g., In re Adams*, 809 F.2d 1187, 1188, n. 1 (C.A.5 1987); *FDIC v. Elefant*, 790 F.2d 661, 667 (C.A.7 1986); *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 822 (C.A.9 1985); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 402-414 (3d ed.1998).

[8] Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." *Caterpillar Inc., supra*, at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a **\*832** defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See *Franchise Tax Bd., supra*, at 11, 103 S.Ct. 2841.

For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-*or-counterclaim* rule" urged by respondent.

B

[9] Respondent argues, in the alternative, that even if a counterclaim generally cannot establish the original "arising under" jurisdiction of a district court, we should interpret the phrase "arising under" differently in ascertaining the Federal Circuit's jurisdiction. In respondent's view, effectuating Congress's goal of "promoting the uniformity of patent law," Brief for Respondent 21, requires us to interpret §§ 1295(a)(1) and 1338(a) to confer exclusive appellate jurisdiction on the Federal Circuit whenever a patent-law counterclaim is raised.[FN3]

> FN3. Echoing a variant of this argument, Justice GINSBURG contends that "giv[ing] effect" to Congress's intention "to eliminate forum shopping and to advance uniformity in ... patent law" requires that the Federal Circuit have exclusive jurisdiction whenever a patent claim was "actually adjudicated." *Post*, at 1898 (opinion concurring in judgment). We rejected precisely this argument in *Christianson, viz.*, the suggestion that the Federal Circuit's jurisdiction is "fixed 'by reference to the case actually litigated.' " 486 U.S., at 813, 108 S.Ct. 2166 (quoting Brief for Respondent in *Christianson v. Colt Industries Operating Corp.*, O.T.1987, No. 87-499, p. 31). We held that the Federal Circuit's jurisdiction, like that of the district court, "is determined by reference to the well-pleaded complaint, not the well-tried case." 486 U.S., at 814, 108 S.Ct. 2166.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

Page 7

**\*\*1895 \*833** We do not think this option is available. Our task here is not to determine what would further Congress's goal of ensuring patent-law uniformity, but to determine what the words of the statute must fairly be understood to mean. It would be difficult enough to give "arising under" the meaning urged by respondent if that phrase appeared in § 1295(a)(1)-the jurisdiction-conferring statute-*itself.* Cf. Economic Stabilization Act of 1970, § 211(b)(2), 85 Stat. 749 (providing the Temporary Emergency Court of Appeals with exclusive jurisdiction over appeals "in cases and controversies arising under this title"). Even then the phrase would not be some neologism that might justify our adverting to the general purpose of the legislation, but rather a term familiar to all law students as invoking the well-pleaded-complaint rule. Cf. *Coastal States Marketing, Inc. v. New England Petroleum Corp.,* 604 F.2d 179, 183 (C.A.2 1979) ("The use of the phrase 'cases and controversies arising under' ... is strong evidence that Congress intended to borrow the body of decisional law that has developed under 28 U.S.C. § 1331 and other grants of jurisdiction to the district courts over cases 'arising under' various regulatory statutes"). But the present case is even weaker than that, since § 1295(a)(1) does not itself *use* the term, but rather refers to jurisdiction under § 1338, where it is well established that "arising under any Act of Congress relating to patents" invokes, specifically, the well-pleaded-complaint rule. It would be an unprecedented feat of interpretive necromancy to say that § 1338(a)'s "arising under" language means one thing (the well-pleaded-complaint rule) in its own right, **\*834** but something quite different (respondent's complaint-or-counterclaim rule) when referred to by § 1295(a)(1).[FN4]

> FN4. Although Justice STEVENS agrees that a correct interpretation of § 1295(a)(1) does not allow a patent-law counterclaim to serve as the basis for the Federal Circuit's jurisdiction, he nevertheless quibbles that "there is well-reasoned precedent" supporting the contrary conclusion. See *post,* at 1896 (opinion concurring in part and concurring in judgment). There is not. The cases relied upon by Justice STEVENS and by the court in *Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle Ltd.,* 895 F.2d 736 (C.A.Fed.1990), simply address whether a district court can retain jurisdiction over a counterclaim if the complaint (or a claim therein) is dismissed or if a jurisdictional defect in the complaint is identified. They do not even mention the well-pleaded-complaint rule that the statutory phrase "arising under" invokes. Nor do any of these cases interpret § 1295(a)(1) or another statute conferring appellate jurisdiction with reference to the jurisdiction of the district court. Thus, the cases relied upon by Justice STEVENS have no bearing on whether the phrase "arising under" can be interpreted differently in ascertaining the jurisdiction of the Federal Circuit than that of the district court.

\* \* \*

[10] Not all cases involving a patent-law claim fall within the Federal Circuit's jurisdiction. By limiting the Federal Circuit's jurisdiction to cases in which district courts would have jurisdiction under § 1338, Congress referred to a well-established body of law that requires courts to consider whether a patent-law claim appears on the face of the plaintiff's well-pleaded complaint. Because petitioner's complaint did not include any claim based on patent law, we vacate the judgment of the Federal Circuit and remand the case with instructions to transfer the case to the Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 1631.

*It is so ordered.*

Justice STEVENS, concurring in part and concurring in the judgment.
The Court correctly holds that the exclusive jurisdiction of the Court of Appeals for the Federal Cir-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889  
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325  
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

Page 8

cuit in patent *835 cases is "fixed with reference to that of the district court," *ante,* at 1893. It is important to note the general rule, however, that the jurisdiction of the court of appeals is not "fixed" until the notice of appeal is filed. See **1896*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58-59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) *(per curiam)* ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

Thus, if a case began as an antitrust case, but an amendment to the complaint added a patent claim that was pending or was decided when the appeal is taken, the jurisdiction of the district court would have been based "in part" on 28 U.S.C. § 1338(a), and therefore § 1295(a)(1) would grant the Federal Circuit jurisdiction over the appeal. Conversely, if the only patent count in a multicount complaint was voluntarily dismissed in advance of trial, it would seem equally clear that the appeal should be taken to the appropriate regional court of appeals rather than to the Federal Circuit. See *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 823-824, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (STEVENS, J., concurring). Any other approach "would enable an unscrupulous plaintiff to manipulate appellate court jurisdiction by the timing of the amendments to its complaint." *Id.,* at 824, 108 S.Ct. 2166. To the extent that the Court's opinion might be read as endorsing a contrary result by reason of its reliance on cases involving the removal jurisdiction of the district court, I do not agree with it.

I also do not agree with the Court's statement that an interpretation of the "in whole or in part" language of § 1295(a)(1) to encompass patent claims alleged in a compulsory counterclaim providing an independent basis for the district court's jurisdiction would be a "neologism" that would involve "an unprecedented feat of interpretive necromancy," *ante,* at 1895. For there is well-reasoned precedent supporting precisely that conclusion. See *836Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle Ltd.,* 895 F.2d 736, 742-743 (C.A.Fed.1990) (en banc) (opinion of Markey, C. J., for a unanimous court) (citing, *e.g., Rengo Co. v. Molins Machine Co.,* 657 F.2d 535, 539 (C.A.3 1981); *Dale Electronics, Inc. v. R.C.L. Electronics, Inc.,* 488 F.2d 382, 390 (C.A.1 1973); *Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co.,* 206 F.2d 336, 336-337 (C.A.9 1953); *Lion Mfg. Corp. v. Chicago Flexible Shaft Co.,* 106 F.2d 930, 933 (C.A.7 1939)).[FN1] I am nevertheless persuaded that a correct interpretation of § 1295(a)(1) limits the Federal Circuit's exclusive jurisdiction to those cases in which the patent claim is alleged in either **1897 the original complaint or an amended pleading filed by the *837 plaintiff. In my judgment, each of the three policies that the Court has identified as supporting the "well-pleaded-complaint" rule governing district court jurisdiction, *ante,* at 1894, points in the same direction with respect to appellate jurisdiction.

> FN1. The Court dismisses the cases cited in *Aerojet,* a unanimous opinion for an en banc Federal Circuit, as having "no bearing" on this case because they do not parse the term "arising under" or interpret 28 U.S.C. § 1295(a)(1). *Ante,* at 1895, n. 4. But surely it is not a "quibbl[e]" to acknowledge them as supporting the *Aerojet* court's conclusion that the jurisdiction of the district court can be based on a patent counterclaim, thereby satisfying the "in whole or in part" requirement of § 1295(a)(1).
>
> In any event, the assertion that only the power of black magic could give "arising under" a different meaning with respect to appellate jurisdiction is belied by case law involving the Temporary Emergency Court of Appeals (TECA), which had exclusive jurisdiction over appeals in cases "arising under" the Economic Stabilization Act of 1970(ESA), §

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889                                                                                    Page 9
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

211(b)(2), 85 Stat. 749. Most courts departed from the traditional understanding of "arising under" and interpreted the statute to grant TECA appellate jurisdiction over ESA issues, including those raised as a defense. Courts nevertheless interpreted the statute's identical language respecting the district courts to grant traditional "arising under" jurisdiction. See *Coastal States Marketing, Inc. v. New England Petroleum Corp.,* 604 F.2d 179, 185-186 (C.A.2 1979) ("It must be candidly recognized that according the TECA some form of 'issue' jurisdiction places on the phrase, 'cases and controversies arising under,' ... a construction that differs from the meaning associated with these words in other jurisdictional statutes, and differs even from the grant of jurisdiction to the district courts in [the ESA]"). Thus, although I am in agreement with the Court's ultimate decision not to determine appellate jurisdiction by reference to the defendant's patent counterclaim, I find it unnecessary and inappropriate to slight the contrary reasoning of the Court of Appeals.

First, the interest in preserving the plaintiff's choice of forum includes not only the court that will conduct the trial but the appellate court as well. A plaintiff who has a legitimate interest in litigating in a circuit whose precedents support its theory of the case might omit a patent claim in order to avoid review in the Federal Circuit. In some cases that interest would be defeated by a rule that allowed a patent counterclaim to determine the appellate forum.

Second, although I doubt that a rule that enabled the counterclaimant to be the occasional master of the appellate forum "would radically expand" the number of cases heard by the Federal Circuit, *ante,* at 1894, we must recognize that the exclusive jurisdiction of the Federal Circuit defined in § 1295(a)(1) does not comprise claims arising under the trademark and copyright laws, which are included in the district court's grant of jurisdiction under § 1338(a).[FN2] As the instant litigation demonstrates, claims sounding in these other areas of intellectual property law are not infrequently bound up with patent counterclaims. The potential number of cases in which a counterclaim might direct to the Federal Circuit appeals that Congress specifically chose not to place within its exclusive jurisdiction is therefore significant.

> FN2. The statute grants the Federal Circuit "exclusive jurisdiction ... if the jurisdiction of [the district] court was based, in whole or in part, on [28 U.S.C.] section 1338 ..., except that a case involving a claim arising under any Act of Congress relating to copyrights, exclusive rights in mask works, or trademarks and no other claims under section 1338(a) shall be governed" by provisions relating to appeals to the regional courts of appeals. 28 U.S.C. § 1295(a)(1).

Third, the interest in maintaining clarity and simplicity in rules governing appellate jurisdiction will be served by limiting *838 the number of pleadings that will mandate review in the Federal Circuit. In his opinion in *Aerojet,* Chief Judge Markey merely held that a counterclaim for patent infringement that was "compulsory" and not "frivolous" or "insubstantial" sufficed to establish jurisdiction; he made a point of noting that there was no assertion in the case that the patent counterclaim at issue had been filed "to manipulate the jurisdiction of [the Federal Circuit]." 895 F.2d, at 738. The text of the statute, however, would not seem to distinguish between that counterclaim and those that are permissive, insubstantial, or manipulative, and there is very good reason not to make the choice of appellate forum turn on such distinctions. Requiring assessment of a defendant's motive in raising a patent counterclaim or the counterclaim's relative strength wastes judicial resources by inviting "unhappy in-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889                                                           Page 10
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

teractions between jurisdiction and the merits." *Kennedy v. Wright,* 851 F.2d 963, 968 (C.A.7 1988).

There is, of course, a countervailing interest in directing appeals in patent cases to the specialized court that was created, in part, to promote uniformity in the development of this area of the law. But we have already decided that the Federal Circuit does not have exclusive jurisdiction over all cases raising patent issues.[FN3] **\*\*1898 \*839***Christianson,* 486 U.S., at 811-812, 108 S.Ct. 2166. Necessarily, therefore, other circuits will have some role to play in the development of this area of the law. An occasional conflict in decisions may be useful in identifying questions that merit this Court's attention. Moreover, occasional decisions by courts with broader jurisdiction will provide an antidote to the risk that the specialized court may develop an institutional bias.[FN4]

> FN3. In explicit contrast with the TECA, see n. 1, *supra,* the Federal Circuit was granted appellate jurisdiction over cases involving patent law claims, not issues. See *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 820-821, n. 1, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (STEVENS, J., concurring) (quoting H.R.Rep. No. 97-312, p. 41 (1981)) ("Cases will be within the jurisdiction of the Court of Appeals for the Federal Circuit in the same sense that cases are said to 'arise under' federal law for purposes of federal question jurisdiction. *Contrast, Coastal States Marketing, Inc. v. New England Petroleum Corp.,* 604 F.2d 179 (2d Cir., 1979) [Temporary Emergency Court of Appeals properly has jurisdiction over *issues,* not *claims,* arising under the Economic Stabilization Act]" (internal quotation marks omitted)).

> Considerations of convenience to the parties and the courts support Congress' decision to determine the Federal Cir-

cuit's appellate jurisdiction based on the claims alleged in the well-pleaded complaint rather than the issues resolved by the district court's judgment. If, for example, the district court's judgment rests on multiple grounds, directing the appeal is a relatively straightforward matter by reference to the complaint. As Judge Easterbrook explains in *Kennedy v. Wright,* 851 F.2d 963 (C.A.7 1988), fixing appellate jurisdiction with respect to the complaint also ensures that a case that has been appealed and remanded will return to the same appellate court if there is a subsequent appeal. *Id.,* at 968 (describing the risk of "a game of jurisdictional ping-pong" if subsequent appeals are directed based on the grounds for decision rather than the pleadings).

> FN4. See Dreyfuss, The Federal Circuit: A Case Study in Specialized Courts, 64 N.Y.U.L.Rev. 1, 25-30, 54 (1989) (evaluating criticism that the Federal Circuit demonstrates a greater pro-patent bias than regional circuits).

In sum, I concur in the Court's judgment and join Parts I and II-A of its opinion.

Justice GINSBURG, with whom Justice O'CONNOR joins, concurring in the judgment.

For reasons stated by Chief Judge Markey, writing for a unanimous en banc Federal Circuit in *Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle Ltd.,* 895 F.2d 736 (1990), I conclude that, when the claim stated in a compulsory counterclaim "aris[es] under" federal patent law and is adjudicated on the merits by a federal district court, the Federal Circuit has exclusive appellate jurisdiction over that adjudication and other determinations made in the same case. See *id.,* at 741-744 (distinguishing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), in which this Court *affirmed* the jurisdictional decision of the Federal Circuit; in

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

122 S.Ct. 1889  
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325  
**(Cite as: 535 U.S. 826, 122 S.Ct. 1889)**

Page 11

discussing the "well-pleaded complaint rule," the Federal Circuit observed that a patent infringement-counterclaim, *840 unlike a patent issue raised only as a defense, has as its own, independent jurisdictional base 28 U.S.C. § 1338, *i.e.*, such a claim discretely "arises under the patent laws").

The question now before this Court bears not at all on a plaintiff's choice of trial forum. The sole question presented here concerns Congress' allocation of adjudicatory authority among the federal courts of appeals. At that appellate level, Congress sought to eliminate forum shopping and to advance uniformity in the interpretation and application of federal patent law. See generally Dreyfuss, The Federal Circuit: A Case Study in Specialized Courts, 64 N.Y.U.L.Rev. 1, 30-37 (1989).

The Court's opinion dwells on district court authority. See *ante*, at 1893-1894. But, all agree, Congress left that authority entirely untouched. I would attend, instead, to the unique context at issue, and give effect to Congress' endeavor to grant the Federal Circuit exclusive appellate jurisdiction at least over district court adjudications of patent claims. See Dreyfuss, *supra*, at 36.

In the instant case, however, no patent claim was actually adjudicated. For that sole reason, I join the Court's judgment.

U.S.,2002.  
Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.  
535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.