UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREENBERG TRAURIG, LLP,
a New York limited
liability partnership,

        Plaintiff,

  v.

GALE CORP., a California
corporation also known as
GALE CORPORATION,

        Defendants.
_____

AND RELATED COUNTERCLAIM AND
THIRD PARTY CLAIM.

_____

No. 2:07-cv-01572-MCE-DAD

**ORDER**

----oo0oo----

At the time of the Court's October 22, 2009 hearing on the parties' in limine requests, further briefing was requested with respect to Third Party Defendants' Motion in Limine No. 1, which seeks to preclude ultimate issue testimony by Third Party Plaintiff Gale Corporation's experts in this matter.

1

1  That briefing now having been received, and following further
2  consideration of the original papers submitted and arguments
3  presented by counsel, the Court will deny said Motion in Limine
4  No. 1.
5      The Court concludes that the presentation of expert
6  testimony is governed by federal law, and specifically by Federal
7  Rules of Evidence 702 and 704, which permits edperts to testify
8  in the form of an opinion, even if the testimony goes to an
9  ultimate issue, if the expert's specialized knowledge will assist
10 the trier of fact.
11     The Court rejects Third Party Defendants' contention that
12 such testimony is governed by state law.  The Federal Circuit has
13 unequivocally held that legal malpractice claims relating to
14 alleged negligence during the course of a patent case "arise
15 under" federal patent law.  See Air Measurement Technologies,
16 Inc. v. Akin Gump Strauus Hauer & Feld, 504 F.3d 1262, 1273 (Fed
17 Cir. 2007); see also Immunocept LLC v. Fulbright & Jaworski, LLP,
18 504 F.3d 1281, 1285 (Fed Cir. 2007).  Even California courts have
19 held they lack jurisdiction over legal malpractice claims
20 relating to patent.  Lockwood v. Sheppard, Mullin, Richter &
21 Hampton, 173 Cal. App. 4th 675, 687 (2009).  Consequently issues
22 pertaining to expert testimony should be determined by reference
23 to federal law.
24 ///
25 ///
26 ///
27 ///
28 ///

   While Third Party Defendants cite the Supreme Court's decision in <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,</u> 535 U.S. 826 (2002), that case is inapposite.  While the Holmes court did find that a patent counterclaim was ineffective in conferring jurisdiction on a case-in-chief not otherwise involving patent claims, here we have a separate Third Party Complaint alleging legal malpractice, which constitutes a separate legal pleading under Federal Rule of Civil Procedure 7(a)(5).  Moreover, Greenberg's initial complaint has been dismissed in its entirety, leaving for adjudication at trial only Gale's Third Party Complaint alleging legal malpractice.

   For all these reasons, Third Party Defendants' Motion in Limine No. 1 is hereby DENIED.

   IT IS SO ORDERED.

Dated: November 2, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3